Fernando GALINDO–DEL VALLE, Petitioner–Appellant,

v.

The ATTORNEY GENERAL, Immigration & Naturalization Service, Respondents–Appellees.

No. 99–11424.

United States Court of Appeals, Eleventh Circuit.

May 26, 2000.

---

Alfonso M. Saldana, Law Office of Alfonso M. Saldana, Miami, FL, for Petitioner–Appellant.

Michael T. Dougherty, David V. Bernal, Office of Immigration Litigation, Civil Div., Kurt B. Larson, U.S. Dept. of Jus-

tice, Washington, DC, for Respondents–Appellees.

Before COX, Circuit Judge, and GODBOLD and MESKILL*, Senior Circuit Judges.

PER CURIAM:

## I. Introduction

Fernando Galindo–Del Valle petitions for review of the Board of Immigration Appeals' affirmance of an immigration judge's final order to remove Galindo–Del Valle from the United States. Galindo–Del Valle argues that section 440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) is unconstitutional as applied to him and that he should be entitled to relief from deportation. The Attorney General and the Immigration and Naturalization Service (collectively, the INS) have moved to dismiss Galindo–Del Valle's petition for lack of subject-matter jurisdiction. We conclude that we lack subject-matter jurisdiction and, therefore, dismiss Galindo–Del Valle's petition.

## II. Facts

Galindo–Del Valle, a Colombian citizen, became a legal resident of the United States on November 29, 1969. On December 18, 1981, Galindo–Del Valle pleaded guilty to conspiracy to import a large quantity of methaqualone tablets, in violation of 21 U.S.C. § 952(a), and was sentenced to five years' imprisonment. The INS took no action against Galindo–Del Valle until he attempted to reenter the United States as a returning resident alien on August 30, 1998. The following day, the INS initiated removal proceedings. Because these proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immi-

grant Responsibility Act of 1996 (IIRIRA), this case is governed by IIRIRA's permanent rules, INA § 242, codified at 8 U.S.C. § 1252 (Supp. II 1996). *See Innab v. Reno*, 204 F.3d 1318, 1321 n. 5 (11th Cir. 2000).

## III. Procedural History

After a hearing, an immigration judge (IJ) ordered Galindo–Del Valle removed from the United States for two reasons. First, under INA § 212(a)(2)(A)(i)(II), Galindo–Del Valle was an alien who had been convicted of conspiracy to violate a controlled-substance law of the United States. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (Supp. II 1996). Second, under INA § 212(a)(2)(C), an immigration officer knew or had reason to believe that Galindo–Del Valle had knowingly conspired in the illicit trafficking of a controlled substance. *See* 8 U.S.C. § 1182(a)(2)(C) (Supp. II 1996). During the hearing, the IJ also noted that Galindo–Del Valle's conviction was for a particularly serious crime, making him an aggravated felon.

Galindo–Del Valle appealed the IJ's decision to the Board of Immigration Appeals (BIA). The BIA affirmed that Galindo–Del Valle was not admissible to the United States for the same two reasons stated by the IJ. The BIA also noted that Galindo–Del Valle's conviction qualified as an aggravated felony, as defined by INA § 101(a)(43)(B), and that Galindo–Del Valle was therefore ineligible for withholding of removal under INA § 241(b)(3). *See* 8 U.S.C. §§ 1101(a)(43)(B) and 1231(b)(3) (Supp. II 1996). Finally, the BIA noted that it lacked jurisdiction to address constitutional challenges to the applicable statutes and implementing regulations. Galindo–Del Valle did not argue before the IJ or the BIA that equitable considerations prevented his removal or

---

* Honorable Thomas J. Meskill, Senior U.S. Circuit Judge for the Second Circuit, sitting by

designation.

that he should have been permitted to seek asylum or withholding of removal.

Galindo–Del Valle filed a petition for review in this court. *See* 8 U.S.C. § 1252 (Supp. II 1996).

## IV. Contentions of the Parties

Galindo–Del Valle contends that AED-PA § 440(d), which amended the INA to bar aliens convicted of certain criminal offenses from applying for discretionary relief from deportation, is unconstitutional as applied to him. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, § 440(d), 110 Stat. 1214–1277 (1996). He argues that at the time of his 1981 conviction, he would have been eligible to apply for discretionary relief from deportation under former-INA § 212(c). *See* 8 U.S.C. § 1182(c) (1994).[1] Therefore, according to Galindo–Del Valle, AEDPA § 440(d) took away his right to apply for relief, violating his constitutional rights to substantive and procedural due process. Galindo–Del Valle also contends that AEDPA is not to be given retroactive effect.

Galindo–Del Valle also argues that equitable considerations regarding his cooperation with the government regarding the 1981 conviction should prevent the INS from removing him, or at least qualify him for asylum or withholding of removal under current law. *See* 8 U.S.C. §§ 1158 and 1231(b)(3) (Supp. II 1996). First, because he cooperated with the government, the government should be estopped from using that case as a basis for his removal. Second, his cooperation with the government made him a "snitch," making it more likely than not that he would be persecuted in Colombia because of his membership in that particular social group and causing his well-founded fear of persecution in Colombia. Accordingly, he should have been given the opportunity to seek asylum or withholding of removal.

Finally, Galindo–Del Valle argues that if INA § 242(a)(2)(C) limits our jurisdiction to review a final order of deportation to determine only substantial constitutional questions and whether the threshold requirements of the statute are satisfied, the statute is unconstitutional.

The INS contends that we lack jurisdiction to review the final order of deportation against Galindo–Del Valle. Under INA § 242(a)(2)(C)'s plain language, a court is permitted to review only the threshold issues of whether Galindo–Del Valle is (1) an alien (2) who is removable (3) based on a conviction for an offense enumerated in the statute. *See* 8 U.S.C. § 1252(a)(2)(C) (Supp. II 1996). This court's jurisdiction to review the final order of removal disappears once these three things have been established.

The INS concedes that the court would also have jurisdiction to review a substantial constitutional claim bearing on Galindo–Del Valle's removability, but contends that he has not raised such a claim in this case. Furthermore, according to the INS, the court lacks jurisdiction to consider Galindo–Del Valle's arguments concerning his eligibility for relief under now-repealed INA § 212(c) and his related estoppel claims because Galindo–Del Valle did not raise them during the administrative process, as required by INA § 242(d)(1). *See* 8 U.S.C. § 1252(d)(1) (Supp. II 1996). The INS also contends that Galindo–Del Valle was never eligible for former-INA-§ 212(c) relief because he was placed in removal proceedings after IIRIRA's effective date.

Finally, the INS contends that the court lacks jurisdiction to address Galindo–Del Valle's asylum and withholding-of-removal

---

1. AEDPA's amendment to former INA § 212(c) eliminated the possibility of discretionary relief for aliens convicted of drug offenses. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, § 440(d), 110 Stat. 1214, 1277 (1996). The permanent rules of IIRIRA repealed INA § 212(c) in its entirety. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, div. C, tit. III, Pub.L. 104–208, § 304(b), 110 Stat. 3009–546, 3009–597 (1996).

claims because he did not present them during the administrative process, and he has not argued that these claims relate to the three threshold issues over which the court has jurisdiction or raise a substantial constitutional question. Even if the court could address these claims, because Galindo–Del Valle committed an aggravated felony (or a "particularly serious crime"), he is ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(i), (B)(i), and 1231(b)(3)(B) (Supp. II 1996).

## V. Discussion

Under INA § 242(a)(2)(C), our jurisdiction to review a final order of removal against criminal aliens is very limited. *See* 8 U.S.C. § 1252(a)(2)(C) (Supp. II 1996) ("no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [enumerated criminal offenses]."). Under INA § 242(a)(2)(C)'s plain language, we have jurisdiction to determine only whether Galindo–Del Valle is (1) an alien (2) who is removable (3) based on a conviction for an offense enumerated in the statute. *See id.; Le v. U.S. Attorney General*, 196 F.3d 1352, 1353 (11th Cir.1999). If these three conditions are satisfied, our jurisdiction over Galindo–Del Valle's petition for review of the final order of removal disappears. *See Le*, 196 F.3d at 1354. Galindo–Del Valle admitted at his hearing before the IJ that he is a Colombian citizen who pleaded guilty to conspiracy to import methaqualone. Thus, he is "an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) …," and INA § 242(a)(2)(C) strips us of jurisdiction to review the final order of removal. 8 U.S.C. § 1252(a)(2)(C); *see also* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (Supp. II 1996).

This conclusion does not mandate dismissal of his petition, however, because we have determined that, despite INA § 242(a)(2)(C), we retain jurisdiction to evaluate constitutional challenges to the INA. *See Richardson v. Reno*, 180 F.3d 1311, 1316 n. 5 (11th Cir.1999) (noting that INA § 242(a)(2)(C) "does not foreclose constitutional challenges to the statute itself or other substantial constitutional issues from being raised in the court of appeals"), *cert. denied*, —— U.S. ——, 120 S.Ct. 1529, 146 L.Ed.2d 345 (2000). Galindo–Del Valle challenges the constitutionality of AEDPA § 440(d), the amendment that made aliens convicted of certain criminal offenses ineligible to apply for discretionary relief under former INA § 212(c). If the INS had commenced proceedings against Galindo–Del Valle while AEDPA § 440(d) was in effect, discretionary relief under former INA § 212(c) would have been unavailable to him because of his drug conviction. However, the INS did not commence proceedings against Galindo–Del Valle until after IIRIRA's permanent rules had repealed former INA § 212(c) in its entirety. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, div. C, tit. III, Pub.L. 104–208, § 304(b), 110 Stat. 3009–597 (1996).

Galindo–Del Valle has not challenged the constitutionality of IIRIRA's repeal of former INA § 212(c). Instead, he attempts to challenge the constitutionality of AEDPA § 440(d). But AEDPA § 440(d) was not applied to Galindo–Del Valle to bar INA § 212(c) discretionary relief because INA § 212(c) had been repealed. Thus he cannot show an injury from the application of AEDPA § 440(d). We conclude, therefore, that he lacks standing to challenge its constitutionality.[2] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 2136,

---

**2.** Standing, of course, is an element of the constitutional requirement of "case or controversy," and the lack of standing deprives a court of subject-matter jurisdiction. *See In re Weaver*, 632 F.2d 461, 463 n. 6 (5th Cir.1980).

We are, of course, obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking. *See University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999).

119 L.Ed.2d 351 (1992) (noting that to satisfy Article III's standing requirements, a plaintiff must show that, among other things, he has suffered an "injury in fact"). We thus conclude that we lack jurisdiction to evaluate Galindo–Del Valle's constitutional challenge to AEDPA § 440(d).

Galindo–Del Valle also challenges the final order of deportation on equitable grounds and argues that he should have been permitted to apply for asylum and withholding of removal. The problem with these arguments, as pointed out by the INS, is that they were not raised in the administrative proceeding. Under INA § 242(d)(1), "[a] court may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right...." 8 U.S.C. § 1252(d)(1) (Supp. II 1996). Because Galindo–Del Valle failed to raise these arguments before the IJ and the BIA, we lack jurisdiction to address them.

Finally, we note that Galindo Del–Valle attempts to challenge the constitutionality of INA § 242(a)(2)(C). That statute, however, has not been applied in this case to restrict our review of the final order to remove Galindo Del–Valle from the United States. Accordingly, we need not reach the question of that statute's constitutionality.

## VI. Conclusion

Because we conclude that we lack jurisdiction to address the arguments raised by Galindo–Del Valle, we dismiss Galindo–Del Valle's petition for review.

PETITION DISMISSED.