[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11022
Non-Argument Calendar

_____

BIA Agency Nos. A95-898-600 & A95-896-094

RAUL EDUARDO CABRERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(November 23, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Raul Eduardo Cabrera, a native and citizen of Colombia, through counsel, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion the Immigration Judge's ("IJ") removal order and denial of his claims for asylum under the Immigration and Nationality Act ("INA") and for protection under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").[1]

## I. Asylum relief

Cabrera argues that the IJ erred in denying his claim for asylum because he presented substantial evidence demonstrating a well-founded fear of persecution from the Revolutionary Armed Forces of Colombia ("FARC") on account of his membership in a particular social group and his political opinion.

As an initial matter, we are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). We can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right . . . ." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). Accordingly, we have held that we lack jurisdiction to consider claims that were not raised before the BIA. Fernandez-Bernal v. United States Att'y Gen., 257 F.3d 1304,

---

[1] Cabrera abandoned his claim for withholding of removal under the INA by failing to raise any argument on this claim in his petition for review. Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

1317 n.13 (11th Cir. 2001); Galindo-Del Valle v. Attorney Gen., 213 F.3d 594, 599 (11th Cir. 2000).

In this case, Cabrera did not present to the IJ or the BIA his claim for asylum on account of his membership in a particular social group. Therefore, Cabrera has failed to exhaust his administrative remedies with regard to this claim, and we lack jurisdiction to consider it.

When the BIA summarily affirmed the IJ's decision without an opinion, the IJ's decision became the final removal order subject to review. Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003). "To the extent that the [IJ]'s decision was based on a legal determination, this court's review is de novo." D-Muhumed v. United States Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ]'s decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted). "[W]e cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously considered below." Id. at 1278. Therefore, a finding of fact will be reversed "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal . . . ." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S.Ct.

3

2245 (2005); see also 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

An alien who arrives in, or is present in, the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). "The asylum applicant carries the burden of proving statutory 'refugee' status." D-Muhumed, 388 F.3d at 818.

To establish asylum eligibility, the petitioner must, with specific and credible evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. If the petitioner demonstrates past persecution, there is a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R § 208.13(b)(1). If he

4

cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Al Najjar, 257 F.3d at 1289. The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (quotation omitted).

Neither the INA nor the regulations define "persecution." We have stated, however, that "persecution is an extreme concept, requiring more than few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (quotations omitted).

The petitioner's well-founded fear of persecution must be on account of, or because of, one of the statutorily listed factors, such as his political opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). The petitioner must establish this causal connection by "presenting specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution" on account the statutory factor. Sepulveda, 401 F.3d at 1231 (quotation omitted)(emphasis in original). We have noted that to establish a claim of persecution by a guerrilla group on account of a political opinion, the petitioner "must establish that the guerrillas persecuted [him] or will seek to persecute [him]

5

in the future <u>because of</u> [his] actual or imputed political opinion. It is not enough to show that [he] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerrillas." <u>Sanchez v. United States Att'y Gen.</u>, 392 F.3d 434, 438 (11th Cir. 2004) (citation omitted)(emphasis in original). Finally, we have approved of a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in his own country, or establish that this is not possible, before seeking asylum here. <u>Mazariegos v. United States Att'y Gen.</u>, 241 F.3d 1320, 1326-27 (11th Cir. 2001).

In this case, we conclude that substantial evidence supports the IJ's conclusion that Cabrera failed to demonstrate either past persecution or a well-founded fear of future persecution on account of his political opinion. Thus, he was not eligible for asylum, and the record does not compel a reversal of this determination. Cabrera did not suffer past persecution because he was never physically harmed by the FARC, and at most, he only received occasional verbal threats, which Cabrera testified always came through other sources such as the temporary employees of his company. Persecution is an extreme concept, and this evidence is insufficient to compel a reversal of the IJ's finding that Cabrera did not suffer past persecution.

Substantial evidence also supports the IJ's conclusion that Cabrera did not have a well-founded fear of future persecution on account of his political opinion

6

because the threats he had received stemmed from his company's refusal to pay "war taxes" to the FARC when operating within the dangerous "red zones" in Colombia. Thus, Cabrera cannot establish a well-founded fear of persecution on account of his political opinion because of this refusal to cooperate with the FARC's demands. Finally, there is no showing why Cabrera could not seek internal resettlement in Colombia, or refuse to perform contracts in certain known dangerous areas, in order to avoid future persecution from the FARC. Accordingly, we deny Cabrera's petition for review as to his request for asylum.

## II. Protection under the CAT

Cabrera also argues that the IJ erred in denying his claim for protection under the CAT, contending that he presented evidence that it was more likely than not that he would be tortured by the FARC if he returned to Colombia.

In order to obtain relief under the CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity

7

8 C.F.R. § 208.18(a)(1).  In <u>Sanchez</u>, we held that in order "[t]o demonstrate eligibility for CAT protection, an applicant must show that it is more likely than not that [he] will be tortured in [his] home country at the hands of the government or that the government will acquiesce in the torture," and rejected the applicant's claim because she presented no evidence on either point.  392 F.3d at 438.

In this case, like <u>Sanchez</u>, Cabrera presented no evidence that the government would torture him upon his return to Colombia or that the government would acquiesce to his torture at the hands of the FARC.  Because Cabrera cannot demonstrate his eligibility for protection under the CAT, we deny his petition for review as to this issue.

**PETITION DENIED.**