[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2006
THOMAS K. KAHN
CLERK

No. 05-12976
Non-Argument Calendar

_____

BIA Nos. A79-513-062 & A79-513-063

GUSTAVO LOZANO-CASTRO,
MARIA GLADYS GAMBA BOHORQUEZ,
ANDREA LOZANO GAMBA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(March 1, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Gustavo Lozano-Castro, his wife Maria Gladys Gamba-Bohorquez, and their

daughter Andrea Lozano-Gamba (collectively "the petitioners"), proceeding pro se, petition for review an order of removal issued by an immigration judge ("IJ") and summarily affirmed by the Board of Immigration Appeals ("BIA"). The petitioners argue, first, that the denial of their application for asylum, withholding of removal, or relief under the Convention Against Torture ("CAT") was based on an erroneous finding of failure to demonstrate a reasonable fear of persecution if returned to Columbia. They next claim that their Fifth Amendment right to due process was violated because only one of them testified at their immigration hearing. Finally, they challenge their removal on the ground of ineffective assistance of counsel.

## I.

Because the BIA in this case affirmed the IJ's decision without opinion, we treat its analysis as if it were the BIA's. Nreka v. U.S. Attorney Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). Findings of fact are reviewed according to the substantial evidence test, meaning that we will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole," Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted), and will reverse if "the record not only supports . . . but compels" that result. Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (citation omitted).

2

To qualify for asylum, an alien must prove refugee status. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). One is a refugee when specific and credible evidence shows either: (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of persecution on account of one of the above-listed factors. 8 C.F.R. § 208.13(a), (b). A well-founded fear of persecution may be established on the basis of: (a) past persecution that creates a presumption of well-founded fear; (b) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country; or (c) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. See 8 C.F.R. § 208.13(b)(1), (2).

After reviewing the record and both parties' briefs, we find no reversible error. Substantial evidence supports the IJ's determination that the petitioners failed to show either past persecution or a well-founded fear of persecution. Lozano-Castro's testimony and the petitioners' documentary evidence indicate that they were never harmed; that Lozano-Castro was not so fearful that he reported threats to the police or to his employer (the United Nations); that he felt safe leaving his eldest son behind in Columbia; and that both he and his wife willingly returned to Columbia after fleeing the country once before. This combination of factors supports the IJ's conclusion that the petitioners failed to demonstrate a

3

reasonable fear of persecution if returned to Colombia.[1]

## II.

Aliens present in the United States are entitled to due process under the Fifth Amendment of the Constitution.  Fernandez-Bernal v. U.S. Attorney Gen., 257 F.3d 1304, 1311 (11th Cir. 2001).  Claims alleging breach of this entitlement are reviewed de novo.  See Lonyem v. United States Attorney Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).  In order to prevail, the petitioners in this case must establish that they were deprived of liberty without due process of law and that the IJ's errors caused them substantial prejudice.  Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1333 (11th Cir. 2003).  The record in this case does not meet this standard.  It plainly shows that: the IJ asked who would be testifying when all the petitioners were present and Lozano-Castro was offered as the only witness; that Lozano-Gamba or Gamba-Bohorquez were sworn in, or sequestered, because the IJ wished to preserve their ability to testify, not because the petitioners indicated an expectation to that effect; and that, after Lozano-Castro testified, the petitioners' counsel declined yet another invitation from the IJ to call other witnesses.  Thus the IJ did not violate due process by refusing to permit all of the

---

[1] Such failure, fatal to a demand for asylum, necessarily also bars forms of relief such as withholding of removal and relief under the CAT, both of which impose a higher burden of proof than asylum. See Al-Najjar, 257 F.3d at 1292-93.

4

petitioners to testify; on the contrary, the IJ presented several opportunities to this effect.

## III.

Although it is true that pro se appellants are held to "less stringent standards" than those represented by counsel, their claims still must have been pleaded, "however inartfully," Haines v. Kerner, 404 U.S. 519, 519-20 (1972), before the BIA in order for this Court to have jurisdiction.  Galindo-Del Valle v. U.S. Attorney Gen., 213 F.3d 594, 599 (11th Cir. 2000).  Because the petitioners' did not raise the claim of ineffective assistance of counsel before the BIA, failing to mention in any way either their attorney or the assistance they received, we lack jurisdiction to consider this issue.


**PETITION DISMISSED IN PART AND DENIED IN PART.**