RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 10a0196p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

CARLOS ARTURO FERRANS,

                *Petitioner,*

     *v.*

ERIC H. HOLDER, JR.,

              *Respondent.*

No. 09-3596

> On Petition for Review from a Final Order
> of the Board of Immigration Appeals.
> No. A95 457 207.

Decided and Filed:  July 12, 2010

Before:  BATCHELDER, Chief Judge; WHITE, Circuit Judge; GREER, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:**  Bryan Scott Hicks, Lebanon, Ohio, for Petitioner.  Joseph A. O'Connell, Keith I. McManus, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

## OPINION
_____

GREER, District Judge.  Carlos Arturo Ferrans ("Ferrans") seeks review of the decision of the Board of Immigration Appeals ("Board") finding him ineligible for relief from removal because he falsely represented that he was a United States citizen to procure private employment.  For the reasons which follow, Ferrans's petition will be **DENIED**.

_____

[*]The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

I.      **Factual and Procedural Background**

Ferrans, a citizen of Colombia, entered the United States in 1996 as a non-immigrant B-2 visitor with authorization to remain in the United States for a temporary period not to exceed July 21, 1996. Ferrans remained in the United States beyond the expiration of the time prescribed. In November, 2000, Ferrans falsely represented himself to be a United States citizen on an Employment Eligibility Verification Form ("Form I-9") in order to obtain employment at Jiffy Lube in West Bloomfield, Michigan.

On November 13, 2002, the Immigration and Naturalization Service ("INS") Detroit District Office received an application from Ferrans for adjustment of status to that of a permanent resident. On February 9, 2004, Ferrans appeared at the Detroit District Office for an adjustment of status interview. Ferrans's testimony at the interview confirmed that he had entered the United States on January 22, 1996, via the Miami port of entry as a B-2 visitor and that he had falsely claimed on Form I-9 to be a United States citizen in order to seek employment at Jiffy Lube. On March 22, 2006, Citizenship and Immigration Services ("CIS")[1] denied the application for status as a lawful permanent resident, finding Ferrans to be inadmissible to the United States, and thus ineligible for adjustment of status, under § 212(a)(6)(C)(ii) of the Immigration and Nationality Act (the "Act").

On March 30, 2006, Ferrans was issued a notice to appear in removal proceedings under § 240 of the Act. The notice charged Ferrans with being removable from the United States pursuant to § 237(a)(3)(D) (8 U.S.C. § 1227(a)(3)(D)) of the Act, as amended, in that he is an alien "who has falsely represented [himself] to be a citizen of the United States for any purpose or benefit under this Act (including Section 274A) or a Federal or State law," and § 237(a)(1)(B) (8 U.S.C. § 1227(a)(1)(B)) of the Act, as amended, in that "he remained in the United States for a time longer than permitted after admission as a nonimmigrant in violation of the Act." On October 31, 2006, Ferrans

---

[1]On March 1, 2003, the Immigration and Nationality Service ceased to exist as an agency within the Department of Justice and its enforcement functions were transferred to Citizenship and Immigration Services, an agency of the newly formed Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (November 25, 2002).

appeared *pro se* before the immigration judge and requested time to find and retain counsel. On April 27, 2007, Ferrans appeared before the immigration judge with counsel, admitted the factual allegations of the notice of removal, including that he had falsely represented himself to be a citizen of the United States for the purpose of gaining employment with Jiffy Lube, conceded removability under 8 U.S.C. § 1227(a)(1)(B), but denied removability under 8 U.S.C. § 1227(a)(3)(D). He also orally renewed his application for adjustment of status before the immigration judge.

After full briefing, the immigration judge, on October 9, 2007, rendered an oral decision finding Ferrans removable on both charges, relying on *Theodros v. Gonzales*, 490 F.3d 596 (5th Cir. 2007). The immigration judge denied the application for adjustment of status and ordered removal. On November 5, 2007, Ferrans appealed the immigration judge's decision to the Board, arguing that private employment was not a "purpose or benefit" under the Act. On April 22, 2009, the Board dismissed the appeal, noting Ferrans's argument that falsely claiming to be a United States citizen for purposes of gaining private employment is not a benefit under the Act, but finding that the immigration judge "properly concluded" otherwise. This petition for review followed.

## II.    Standard of Review

We review Board rulings on legal issues concerning the requirements of the immigration statute *de novo*. *Matovski v. Gonzales*, 492 F.3d 722, 731 (6th Cir. 2007). We also give deference to an agency's reasonable interpretation of its statute and underlying regulations. *Id.* at 731-32.

## III.    Analysis

A non-immigrant alien may seek adjustment of his status to that of a person admitted to permanent residence in the United States. 8 U.S.C. § 1255(a). The decision to adjust status is committed to the discretion of the attorney general. "An alien seeking to adjust his status to that of a lawful permanent resident is assimilated to the position of an applicant for entry into the United States," *Matovski,* 492 F.3d at 738 (quoting

*Palmer v. INS*, 4 F.3d 482, 484 (7th Cir. 1993)), and must show, among other things, that he is "admissible . . . for permanent residence." 8 U.S.C. § 1255(a). Because an alien seeking to adjust his status is in a position similar to that of an alien seeking entry into the United States, the alien bears the burden of establishing that he is "clearly and beyond [a] doubt entitled to be admitted and is not inadmissible." *Matovski,* 492 F.3d at 738 (quoting 8 CFR § 1240.8(b)). An alien who has falsely represented himself "to be a citizen of the United States for any purpose or benefit under [the Act] (including § 1324a of [the Act]) or any other Federal or State law" is both removable, 8 U.S.C. § 1227(a)(3)(D)(i), and inadmissible, 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

While Ferrans admits that he falsely represented that he was a United States citizen on Form I-9 for the purpose of obtaining employment with Jiffy Lube, a private employer, he argues that he never misrepresented his citizenship to the United States government or to immigration authorities. Thus, he argues, because a false representation of citizenship for the purpose of obtaining private employment does not constitute "a false claim for an immigration benefit or purpose," Br. of Pet., p. 9, he is not inadmissible and the findings of the immigration judge and the Board are in error. The specific question presented for decision then is whether Ferrans's false representation of United States citizenship for the purpose of obtaining employment from a private employer was done for "any purpose or benefit" under the Act, a question not previously answered by our Circuit.

We now answer the question in the affirmative. Section 1227(a)(3)(D)(i) requires the false representation of citizenship to have been made "for any purpose or benefit under this chapter (including section 1324a of this title) or any Federal or State law." We hold that the plain language of the statute establishes that the false representation of United States citizenship for the purpose of obtaining private employment is done for a "purpose or benefit" under the Act. The parenthetical reference in section 1227(a)(3)(D)(i) to 8 U.S.C. § 1324a makes this apparent. Section 1324a deals with the unlawful employment of aliens and makes it illegal for an employer–public or private–to hire or continue to employ an unlawful or unauthorized

alien. Section 1324a(b) requires employers to verify eligibility of potential employees by, among other things, completing an employment verification form upon which "[t]he individual must attest, under penalty of perjury . . . that the individual is a citizen or national of the United States, an alien lawfully admitted for permanent residence, or an alien who is authorized . . . by the Attorney General to be hired, recruited, or referred for such employment." 8 U.S.C. § 1324a(b)(2). The plain reference to § 1324a in section 1227(a)(3)(D)(i) clearly establishes that employment is the sort of purpose or benefit contemplated by the statute, whether the employment is public or private.

Although this Court has not addressed the precise question presented by this case, some of our sister circuits have. In *Theodros v. Gonzales*, 490 F.3d 396 (5th Cir. 2007), the Fifth Circuit denied review of a Board decision that a false representation of citizenship to gain or retain private sector employment is a "purpose or benefit" under the Act, rendering Theodros inadmissible under 8 U.S.C. § 1227(a)(3)(D). 490 F.3d at 402. Relying on "the plain language of the statute," the Fifth Circuit found the parenthetical reference to § 1324a immediately following the "purpose or benefit" clause to inform "the inference that employment is an example of the sort of purpose or benefit contemplated in the statute." *Id.* This is so, the Fifth Circuit held, because 8 U.S.C. § 1324a, "requires employers to verify the eligibility of their potential employee by, for example, completing an employment verification form." *Id.*

Similarly, the Tenth Circuit held in *Kechkar v. Gonzales,* 500 F.3d 1080, 1084 (10th Cir. 2007), that "[i]t appears self-evident that an alien who misrepresents citizenship to obtain private employment does so, at the very least, for the 'purpose' of evading § 1324a(a)(1)(A)'s prohibition on 'a person or other entity' knowingly hiring aliens who are not authorized to work in this country." And, the Eighth Circuit has held "that an alien who marks the 'citizen or national of the United States' box on a Form I-9 for the purpose of falsely representing himself as a citizen to secure employment with a private employer has falsely represented himself for a benefit or purpose under this

Act."  *Rodriguez v. Mukasey*, 519 F.3d 773, 777 (8th Cir. 2008)[2]; *see also Hashmi v. Mukasey*, 533 F.3d 700, 703 (8th Cir. 2008).

We now join all of our sister circuits who have considered the issue and hold that a false representation of citizenship by an alien for the purpose of obtaining private employment is a "purpose or benefit" under the Act, done, at the very least, for the "purpose" of evading § 1324a's provisions.  We find that the explicit reference to § 1324a in § 1227(a)(3)(D) makes it clear that private employment is a "purpose or benefit" under the Act.

## IV.     Conclusion

For the foregoing reasons, we find that Ferrans is ineligible for adjustment of status and deny his petition for review.

---

[2]In *Rodriguez*, the Eighth Circuit was considering the language of 8 U.S.C. § 1182(a)(6)(C)(ii)(I), which is, in all material respects, identical to the language of 8 U.S.C. § 1227(e)(3)(D).  Under § 1182(a)(6)(C)(ii)(I), an alien who falsely represents citizenship for any purpose or benefit under the Act is "inadmissible" while the same conduct under § 1227(a)(3)(D) renders the alien "deportable."