[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 25, 2011
JOHN LEY
CLERK

No. 10-12880
Non-Argument Calendar
_____

Agency No. A096-741-112

FRITZ JAEN-CHAVEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 25, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Fritz Jaen-Chavez ("Jaen-Chavez") seeks review of the Board of Immigration Appeals's ("BIA") affirming the Immigration Judge's ("IJ") pretermission of his application for a waiver of inadmissibility and an adjustment of status. After review, we dismiss in part and deny in part the petition.

## I. BACKGROUND

### A. False Claim of U.S. Citizenship

On May 17, 2002, Jaen-Chavez, a citizen of Peru, entered the United States with authorization to remain until November 17, 2002. After his visa expired, Jaen-Chavez stayed in the United States.

In April 2003, Jaen-Chavez applied for a job at Mountain Fresh Young Chicken in North Carolina. On his employment application, Jaen-Chavez listed a social security number. Jaen-Chavez completed and signed an Employment Eligibility Verification Form I-9. On the Form I-9, Jaen-Chavez checked the box indicating that he attested under penalty of perjury that he was "[a] citizen or national of the United States." As one of his two forms of identification, Jaen-Chavez submitted a U.S. social security card with the number listed on his employment application.

In June 2005, Jaen-Chavez married Melissa Jones, a U.S. citizen. On February 5, 2006, Jaen-Chavez filed an application to adjust his immigration

status, pursuant to the Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255, based on his recent marriage. Jaen-Chavez's wife filed an I-130 visa petition on his behalf, which was approved on January 8, 2007. On January 24, 2007, the Department of Homeland Security ("DHS") denied Jaen-Chavez's application for adjustment of status because he had falsely represented himself to be a U.S. citizen in order to gain employment and thus was inadmissible under INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii).

## B.    Removal Proceedings

The same day, the DHS served Jaen-Chavez with a Notice to Appear, charging him with removability for: (1) having remained in the United States for a longer time than permitted, pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B); (2) failing to comply with the conditions of the non-immigrant status under which he was admitted, pursuant to INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i); and (3) being an alien who falsely represented himself as a U.S. citizen for a purpose or benefit under federal or state law, pursuant to INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D).

Jaen-Chavez conceded removability, but denied he had falsely claimed to be a U.S. citizen. Jaen-Chavez noted that he was requesting an adjustment of status and a waiver of inadmissibility pursuant to INA § 212(i), 8 U.S.C. § 1182(i).

3

At his removal hearing, Jaen-Chavez admitted that the social security number he provided on his employment application was false, that he signed the employment application, and that he wrote his name beside a statement certifying that all of the responses provided on the application were correct and truthful. Jaen-Chavez explained that he obtained the false social security card from someone he met while waiting in line for work.

Jaen-Chavez further admitted that he checked the box on the Form I-9 indicating he was a "citizen or national of the United States." Jaen-Chavez explained that he did not know the difference between a "national" and a "citizen," and that he thought that "national" meant "[s]omeone that is here." Jaen-Chavez further stated that he did not understand what "under penalty of perjury" meant and that he signed the Form I-9 without first reading it.

The IJ pretermitted Jaen-Chavez's application for adjustment of status and waiver of inadmissibility, finding Jaen-Chavez removable from the United States pursuant to INA § 237(a)(1)(B), (a)(1)(C)(i), and (a)(3)(D). The IJ found that Jaen-Chavez provided what he knew to be a false social security card in conjunction with the Form I-9. The IJ found "somewhat feeble" Jaen-Chavez's explanation for marking "citizen or national" on the Form I-9 given that he knew the social security card was false and he had one year of college education.

4

Accordingly, the IJ found that Jaen-Chavez "knew what he was doing" when he checked the "citizen or national" box on the Form I-9.

The IJ concluded that: (1) Jaen-Chavez's false claim to citizenship rendered him inadmissible under INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii); and (2) making a false claim of citizenship was not waivable under INA § 212(i), 8 U.S.C. § 1182(i). Although Jaen-Chavez had not submitted an application for voluntary departure, the IJ concluded that he would deny voluntary departure because Jaen-Chavez used false identification documents and did not provide a current valid document.

## C.  Appeal to the BIA

The BIA dismissed Jaen-Chavez's appeal, concluding, inter alia, that: (1) Jaen-Chavez was both removable and inadmissible for having made a false claim of citizenship for any purpose or benefit under the INA; (2) Jaen-Chavez knowingly submitted a false social security card along with his Form I-9; (3) because Jaen-Chavez did not know the meaning of the word "national," "he could not have intended to represent himself as a national" on the Form I-9; (4) filling out the Form I-9 to obtain private employment "is to obtain a benefit under the Act"; (5) "[t]here is no available waiver"; (6) Jaen-Chavez was statutorily ineligible for adjustment of status; and (7) because Jaen-Chavez did not request

voluntary departure before the IJ and had not filed a motion to remand with the BIA to seek voluntary departure, that issue was not before the BIA.

Jaen-Chavez filed this petition for review.

## II. DISCUSSION

### A. Jurisdiction

As a threshold matter, we conclude that we lack jurisdiction to review a number of Jaen-Chavez's claims.[1] We lack jurisdiction to review the discretionary decisions to deny Jaen-Chavez's application for a waiver of inadmissibility, filed pursuant to INA § 212(i), 8 U.S.C. § 1182(i)(1), and to deny his application for an adjustment of status, filed pursuant to INA § 245, 8 U.S.C. § 1255. See INA § 212(i)(2), 8 U.S.C. § 1182(i)(2); INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). Thus, to the extent Jaen-Chavez's petition seeks review of the Attorney General's discretionary denial of either form of relief, we dismiss his petition.

In addition, we lack jurisdiction to review the following unexhausted claims, which were not argued before the BIA: (1) whether the IJ misallocated the burden of proof; (2) whether the IJ was biased; and (3) whether the government

---

[1]"We review our subject-matter jurisdiction de novo." Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010).

6

failed to meet its burden of proof with regard to intent to defraud the government. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (explaining that we lack jurisdiction to review claims raised in the petition for review that were not raised with the BIA). Similarly, we lack jurisdiction to review Jaen-Chavez's request for voluntary departure because Jaen-Chavez did not request voluntary departure in proceedings before the IJ. See Galindo-Del Valle v. Att'y Gen., 213 F.3d 594, 599 (11th Cir. 2000). Accordingly, we dismiss the petition as to these claims.

Although we lack jurisdiction to review the denial of discretionary relief, we retain jurisdiction to review questions of law, such as statutory eligibility for discretionary relief, and constitutional claims. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010) (explaining that we retain jurisdiction to address the legal question of statutory eligibility for discretionary relief). However, we do not review abuse-of-discretion claims "merely couched in constitutional language" or constitutional claims that are not colorable. Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007). "For a constitutional claim to be colorable, the alleged violation need not be substantial, but the claim must have some possible validity." Id. at 1284 n.2 (quotation marks omitted).

Jaen-Chavez raises two constitutional claims, neither of which is colorable. First, Jaen-Chavez argues that he was singled out for removal because he is an Hispanic male married to a U.S. citizen, in violation of the Due Process and Equal Protection Clauses. Jaen-Chavez produced no evidence whatsoever indicating that DHS instituted removal proceedings against him or any other Hispanic male based on a discriminatory motive.

Second, Jaen-Chavez contends that he was deprived of employment in violation of the Due Process Clause. Even assuming arguendo that Jaen-Chavez had a constitutional right to employment, he identified no specific due process violation or how proceedings under the immigration statutes deprived him of that right. Accordingly, we dismiss the petition with respect to Jaen-Chavez's constitutional claims.

**B. Applicable Standard of Proof in Removal Proceedings**

Jaen-Chavez argues that the standard of proof applicable in criminal cases should apply in removal proceedings. This claim has no merit.

Congress explicitly provided that the government must prove that an alien is removable "by clear and convincing evidence." INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A). Moreover, the Supreme Court has concluded that "[a] deportation proceeding is a purely civil action to determine eligibility to remain in

8

this country, not to punish an unlawful entry," and, thus, "[c]onsistent with the civil nature of the proceeding, various protections that apply in the context of a criminal trial do not apply in a deportation hearing." INS v. Lopez-Mendoza, 468 U.S. 1032, 1038, 104 S. Ct. 3479, 3483 (1984). This Court also has refused to incorporate the protections afforded to criminal defendants into removal proceedings, which are inherently civil in nature. See De La Teja v. United States, 321 F.3d 1357, 1364-65 (11th Cir. 2003) (refusing to apply the Double Jeopardy Clause to deportation hearing because double jeopardy attaches only to proceedings that are essentially criminal in nature). We find no reversible error in the IJ's and the BIA's application of the clear and convincing evidence standard in Jaen-Chavez's removal proceedings.

## C.     Eligibility for Adjustment of Status

Jaen-Chavez challenges the BIA's conclusion that he was ineligible for adjustment of status because he was inadmissible for having made a false claim of U.S. citizenship on his Form I-9.[2]

---

[2]When, as here, the BIA issues its own decision, we review only that decision, except to the extent it adopts the IJ's opinion. Alvarado, 610 F.3d at 1314. "We review the BIA's statutory interpretation de novo, but will defer to the BIA's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress." Jaggernauth v. U.S. Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005).

An inadmissible alien is not eligible for an adjustment of status to lawful permanent resident.  See INA § 245(a), 8 U.S.C. § 1255(a) (requiring, inter alia, that the alien be "admissible to the United States for permanent residence").  Under § 212(a)(6)(C)(ii), an alien "who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law is inadmissible." INA § 212(a)(6)(C)(ii)(I), 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (emphasis added).  Section 1324a, referenced in parentheses, prohibits an employer from hiring, recruiting or retaining unauthorized aliens and establishes a verification system to ensure that employees are authorized to work in the United States.  INA § 274A, 8 U.S.C. § 1324a.  As part of the verification system, the prospective employer must attest on a form (i.e., the Form I-9), provided by the Attorney General, that it has verified that the prospective employee is not an unauthorized alien by examining certain documents, such as a social security card.  INA § 274A(b)(1)(A), (b)(1)(C)(i), 8 U.S.C. § 1324a(b)(1)(A), (b)(1)(C)(i).

Jaen-Chavez argues that he did not make a false claim of U.S. citizenship within the meaning of § 212(a)(6)(C)(ii).  Specifically, he contends that his checking the box marked "citizen or national of the United States" on the Form I-9

10

to procure employment from a private employer was not "for any purpose or benefit under" the INA.

This argument is contradicted by the plain language of § 212(a)(6)(C)(ii), which explicitly refers to "section 1324a" as an example of "any purpose or benefit" under the INA. The reference to § 1324a clearly indicates Congress's intent for § 212(a)(6)(C)(ii) to apply to an alien who provides to a prospective employer false information about his immigration status and authorization to work in the United States in order to obtain work. Therefore, we join every other circuit that has addressed this question and conclude that an alien who falsely represents himself to be a "citizen or national of the United States" on a Form I-9 to obtain private employment makes a false claim of U.S. citizenship "for any purpose or benefit under" the INA. See Ferrans v. Holder, 612 F.3d 528, 532-33 (6th Cir. 2010); Rodriguez v. Mukasey, 519 F.3d 773, 776-77 (8th Cir. 2008); Kechkar v. Gonzales, 500 F.3d 1080, 1085 (10th Cir. 2007); Theodros v. Gonzales, 490 F.3d 396, 402 (5th Cir. 2007).[3] Accordingly, we find no reversible error in the BIA's conclusion that Jaen-Chavez is inadmissible.

---

[3]Some circuits were construing virtually identical language in INA § 237(a)(2)(D)(i), 8 U.S.C. § 1227(a)(3)(D)(i), which includes within the class of deportable (as opposed to inadmissible) an alien who "falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any Federal or State law . . . ." INA § 237(a)(3)(D)(i), 8 U.S.C. § 1227(a)(3)(D)(i).

**D.     Eligibility for § 212(i) Waiver of Inadmissibilty**

Jaen-Chavez alternatively contends that his inadmissibility for making a false claim of U.S. citizenship was waivable.  Jaen-Chavez cites INA § 212(i), 8 U.S. C. § 1182(i).

Section 212(i) of the INA, 8 U.S.C. § 1182(i), gives the Attorney General discretion to waive "the application of clause (i) of subsection (a)(6)(C) of this section" if the alien is the spouse of a U.S. citizen and meets certain other requirements.  INA § 212(i), 8 U.S.C. § 1182(i).  The problem for Jaen-Chavez is that he was not found inadmissible under § 212(a)(6)(C)(i),[4] but under § 212(a)(6)(C)(ii).  There is no similar waiver provision for § 212(a)(6)(C)(ii).  See generally INA § 212, 8 U.S.C. § 1182.  Thus, the BIA did not err in concluding Jaen-Chavez was ineligible for a § 212(i) waiver of inadmissibility.

**PETITION DISMISSED IN PART,  DENIED IN PART.**

---

[4]Subsection(a)(6)(C)(i) applies to aliens who commit fraud or make a material misrepresentation in the immigration context.  Specifically, § 212(a)(6)(C)(i) provides that an alien "who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."  INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i).