[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14853
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2011
JOHN LEY
CLERK

Agency No. A098-721-634

YURY MABEL ARCHAGA-PONCE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 30, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Yury Mabel Archaga-Ponce, a native and citizen of Honduras, seeks review of the Board of Immigration Appeals's ("BIA") final order dismissing her appeal of the Immigration Judge's ("IJ") denial of withholding of removal. The BIA determined that Archaga-Ponce was not eligible for withholding of removal because she failed to demonstrate a nexus between any harm that she suffered or might suffer and a statutorily protected ground. Because substantial evidence supports that determination, we deny Archaga-Ponce's petition.

Where the BIA issues its own opinion, we review only that opinion, except to the extent that the BIA expressly adopts the IJ's reasoning. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). We review the BIA's conclusions of law *de novo* and its findings of fact for substantial evidence. *Id.* Under substantial evidence review, we consider "'the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision.'" *Id.* at 1351 (quoting *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)). Therefore, we will reverse the agency's findings only if the evidence compels us to do so. *Id.*

"To obtain withholding of removal, an applicant must establish that her 'life or freedom would be threatened in [her country of removal] because of [her] race, religion, nationality, membership in a particular social group, or political

2

opinion.'" *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006) (second alteration in original) (quoting 8 U.S.C. § 1231(b)(3)(A)). An applicant may satisfy her burden of proof in either of two ways: (1) by establishing past persecution in her country based on a protected ground; or (2) by establishing that it is more likely than not that she would be persecuted on account of a protected ground upon removal to that country. *Id.* A "particular social group" refers to persons who share a common, immutable characteristic "that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1193, 1196 (11th Cir. 2006) (internal quotation marks omitted) (discussing and adopting the BIA's definition of "particular social group").

Archaga-Ponce is a victim of domestic violence, and she claims that she and victims like her constitute a particular social group. She argues membership in this social group, in turn, establishes the required nexus between the harm she suffered or might suffer and a statutorily protected ground, such that withholding of removal is appropriate.[1] Based on our review of the record and the parties'

---

[1] On appeal, Archaga-Ponce does not contest the BIA's conclusion that her application for asylum was time-barred, nor she does dispute the denial of Convention Against Torture relief; therefore, she has abandoned those claims. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1173

briefs, we agree with the BIA's determination to the contrary and conclude that substantial evidence supported its order dismissing Archaga-Ponce's appeal. Accordingly, we deny her petition for review.

**PETITION DENIED.**

---

(11th Cir. 2008). Even if Archaga-Ponce had preserved her asylum claim, we lack jurisdiction to review the BIA's conclusion that her untimely application for asylum was not excused. *See Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).

Additionally, although Archaga-Ponce focuses primarily on the IJ's adverse credibility determination in her brief, we decline to review that finding because the BIA did not review it. *See Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007) (stating that this Court reviews only the BIA's findings and conclusions except those expressly adopted from the IJ's order). Similarly, we decline to address Archaga-Ponce's claim that she was harmed on account of her political opinion because she did not raised it before the IJ. *See Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000) (per curiam), *superseded on other grounds by statute as stated in, Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1359 (11th Cir. 2005); *see also In re R-S-H*, 23 I. & N. Dec. 629, 638 (B.I.A. 2003) (holding an alien "waived his opportunity to pursue [an] issue on appeal" by not raising the issue at the hearing before the IJ).

Finally, we will not address Archaga-Ponce's claim that the immigration proceedings violated her right to due process, or her passing statement that her brother was killed in the United States and that his killers are now in Honduras, because these assertions are devoid of any argument and, as such, are insufficient to be considered on appeal. *See Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010) (per curiam).