**Daniel Mburu KIMETHU, Petitioner,**

v.

**Loretta E. LYNCH, U.S. Attorney General, Respondent.**

No. 15–3537.

United States Court of Appeals, Sixth Circuit.

March 25, 2016.

Before: SILER, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.

This case concerns the parties' respective burdens of proof in removal proceedings. Daniel Kimethu entered the United States on a student visa in 1986. He later accepted employment here, which violated the terms of his student visa. For that reason the government commenced removal proceedings in 1990. Kimethu conceded removability but requested voluntary departure, which an immigration judge granted in an order dated May 1991. But Kimethu never left the country: instead he remained here and at some point married a U.S. citizen, with whom he had three children.

Kimethu filed a motion to reopen his immigration case in 2010, requesting that the Attorney General exercise his discretion to adjust Kimethu's status to that of a lawful permanent resident. *See* 8 U.S.C. § 1255(a). To be eligible for that relief, Kimethu must be "admissible to the United States[.]" *Id.* During a hearing before an immigration judge, the government presented an "Employment Eligibility Verification" form (known as an I–9) that Kimethu had executed while seeking employment in 2008. On that form, Kimethu checked a box attesting, under penalty of perjury, that he was "[a] citizen or national of the United States." A.R. 102. Under the immigration laws, an alien who falsely claims to be a U.S. citizen is inadmissible. *See* 8 U.S.C. § 1182(a)(6)(C)(ii)(I). Kimethu presented no testimony or other evidence that, in checking the box on the 2008 I–9, he meant to claim status as a national rather than as a citizen. The immigration judge therefore found Kimethu ineligible for adjustment of status, and thus denied his application for that relief. The Board affirmed in a reasoned opinion. This petition followed.

Our review is limited to whether "substantial evidence" supports the Board's determination that Kimethu is not "admissible" as that term is used in § 1255(a). But as a practical matter the issue here is more legal than factual. Kimethu argues that the Board's decision was wrong because the government did not prove that he meant to claim citizen status when he checked the "citizen or national" box on the I–9. The government argues that the Board's decision was correct because Kimethu presented no evidence that he meant to claim he was only a national. The outcome here thus depends on which party bears the burden of proof as to admissibility.

As an initial matter, the government bears the burden of proving by clear and convincing evidence that Kimethu is removable. *See* 8 U.S.C. § 1229a(c)(3)(A). The government has met that burden here because in a May 1991 hearing Kimethu himself conceded that he is removable. More to the point, Kimethu bears the burden of proving that he is "clearly and beyond a doubt" admissible. *Ferrans v. Holder*, 612 F.3d 528, 531 (6th Cir.2010). That means that Kimethu bore the burden of proving that he meant to claim status only as a national when he checked the I–9 box. Kimethu presented no evidence of that intent—he did not even testify to that effect—so Kimethu has not met his burden of proving he is admissible. The Board was therefore correct to conclude that Kimethu is not eligible for adjustment of status under § 1255(a).

Kimethu separately argues that he was denied due process when the government introduced his I–9 forms (there was an unsigned 2005 form in addition to the signed 2008 one) at his hearing without giving him advance notice of the government's intention to do so. We review that claim de novo. *See Hassan v. Holder*, 604 F.3d 915, 923 (6th Cir.2010). To show a violation of due process, Kimethu must

show prejudice, *i.e.*, that "the alleged violation affected the outcome of the proceedings[.]" *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir.2005). Kimethu has not even attempted to make that showing here: he did not object to the government's use of the I–9s at the hearing, and he merely states in conclusory terms that the government's lack of notice prejudiced him. Hence this claim is meritless.

Kimethu finally argues that the government should exercise "prosecutorial discretion" not to remove him. Pet'r Br. at 28. But whether to exercise prosecutorial discretion is an issue for the government to decide. *See Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 488–89, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).

The petition is denied.