[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12146
Non-Argument Calendar

_____

Agency No. A075-550-462

RENE JARITZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 17, 2013)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Rene Jaritz, proceeding pro se, seeks review of the Board of Immigration

Appeals's ("BIA") denial of his motion to reconsider its decision affirming the

Immigration Judge's ("IJ") denial of Jaritz's request for voluntary departure.  Jaritz does not challenge his removability or the denial of his application for cancellation of removal, but appeals only the denial of his request for voluntary departure.  After careful review, we deny the petition.

## I.  BACKGROUND FACTS

### A.    1988 Entry and 2001 Commencement of Removal Proceeding

On September 7, 1988, Jaritz, a native and citizen of Austria, entered the United States as a non-immigrant visitor with authorization to remain for approximately six months until March 28, 1989.  Eleven years later Jaritz was still here.  On August 29, 2001, Jaritz was issued a Notice to Appear ("NTA"), charging him as removable pursuant to Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than permitted.

At a master calendar hearing held on August 22, 2002, Jaritz, through counsel, admitted the factual allegations in the NTA and conceded removability.  Jaritz indicated that he was married to a U.S. citizen, Jeanette Jaritz ("Jeanette"), who had filed an I-130 visa petition on his behalf, but had later withdrawn the petition.

### B.    Application for Cancellation of Removal

2

On October 21, 2002, Jaritz filed an application for cancellation of removal, indicating that his "removal would result in exceptional and extremely unusual hardship" to his wife Jeanette. On February 5, 2003, Jaritz and Jeanette divorced.

On March 21, 2003, Jaritz attempted to marry Christine Jaritz ("Christine"), who was also a U.S. citizen like his previous wife, Jeanette. Two weeks after the attempted marriage, on March 26, 2003, Christine signed an I-130 visa petition on Jaritz's behalf, and in April 2003, Christine filed the petition. Christine and Jaritz later determined that their marriage was invalid because Christine had not divorced her previous husband. In 2004, after Christine divorced her previous husband, she and Jaritz remarried.

The IJ continued the case multiple times to await the adjudication of the April 2003 I-130 visa petition. At a February 9, 2006 master calendar hearing, Jaritz indicated that the April 2003 I-130 visa petition was still pending and that he wished to proceed on his October 21, 2002 cancellation of removal application.

On March 2, 2007, the April 2003 I-130 visa petition was denied or withdrawn.[1] No removal proceedings relevant to Jaritz's petition for review occurred until March 12, 2008.

## C.    March 12, 2008 Merits Hearing

---

[1]It is unclear from the administrative record whether the petition was denied or whether Christine withdrew the April 2003 I-130 visa petition voluntarily.

On March 12, 2008, the IJ conducted a merits hearing on Jaritz's cancellation of removal application.  Jaritz and Christine testified in support of his cancellation of removal application.  On cross-examination of Christine, the government introduced handwritten, signed statements, made during a March 2, 2007 interview concerning the April 2003 I-130 visa petition Christine had filed on Jaritz's behalf.  The statements provided that: (1) Christine married Jaritz to obtain a car and a free place to live; (2) the marriage was never consummated; and (3) the marriage was done to evade the immigration laws.  At the hearing, Christine testified that she "felt like [she] was coerced into writing [the statements]" and that she loved her husband.

The IJ continued the hearing to allow the government to lodge an additional charge of removability based on marriage fraud.[2]

## D.    September 14, 2010 Continued Merits Hearing

At a September 14, 2010 merits hearing,[3] Jaritz's counsel conceded that Jaritz was unable to show the requisite hardship for cancellation of removal and requested a voluntary departure order.  A request for voluntary departure at the

---

[2]On October 8, 2008, the government lodged an additional charge of removability, charging Jaritz as removable pursuant to INA § 237(a)(1)(G)(ii), 8 U.S.C. § 1227(a)(1)(G)(ii), for failing to fulfill a marital agreement, which, in the opinion of the Attorney General, was entered into for the purpose of procuring Jaritz's admission as an immigrant.  The government later withdrew the § 1227(a)(1)(G)(ii) charge of removability.

[3]No hearings were held between the October 8, 2008 hearing and the September 14, 2010 hearing.  The delay between the two proceedings was due, in part, to the government's request to continue an August 26, 2009 hearing because it did not have Jaritz's file.

conclusion of immigration proceedings requires an alien to show good moral character for at least the five years preceding the request. INA § 240B(b)(1)(B), 8 U.S.C. § 1229c(b)(1)(B). The government opposed Jaritz's request for voluntary departure, arguing that he could not establish the requisite good moral character.

The IJ then noted too that, to qualify for an order of voluntary departure "at the conclusion of proceedings," Jaritz had the burden of showing that, among other things, he had been a person of good moral character for the past five years.

Jaritz then testified in support of his voluntary departure request. In response, the government presented the testimony of a U.S. Citizenship and Immigration Services ("USCIS") officer, who had questioned Jaritz and Christine during the March 2, 2007 interview concerning the April 2003 I-130 visa petition. The USCIS officer testified that, at the interview, Christine stated that: (1) she had married Jaritz so that he could obtain his green card; and (2) she was given a free place to live and a car for helping Jaritz.

After the USCIS officer's testimony, the IJ found that Jaritz's counsel's earlier concession that Jaritz was unable to prove the requisite hardship for cancellation of removal amounted to a withdrawal of his cancellation of removal application. As a result, the IJ asked if the sole form of relief requested was voluntary departure. In response, Jaritz's counsel stated that Jaritz was not withdrawing the application for cancellation of removal, but was simply stating

5

that Jaritz "may not be able to show that his wife will suffer extreme and unusual hardship." Immediately prior to the IJ issuing his oral decision, the IJ stated that, "because [Jaritz's attorney] decided not to withdraw the application for cancellation, it needs to be signed before the Court." The IJ then had Jaritz sign the application for cancellation of removal.

## E.    IJ's Decision

At the conclusion of the September 14, 2010 hearing, the IJ issued an oral decision, stating that, because Jaritz had not presented any evidence that his removal would result in exceptional and extremely unusual hardship to his U.S. citizen spouse, the IJ "would pretermit" Jaritz's cancellation of removal application. However, at the very end of the oral decision, the IJ stated that Jaritz's application for cancellation of removal was "denied."

As to Jaritz's request for voluntary departure, the IJ noted that, "[a]t the conclusion of proceedings," an alien was eligible for voluntary departure if he met certain statutory requirements, including establishing his good moral character for the five years immediately preceding the date of the application for voluntary departure. Based on the testimonial and documentary evidence presented by the government, the IJ found that Jaritz had married Christine for the purpose of evading immigration laws. Because Jaritz had entered into a marriage for the purpose of obtaining an immigration benefit, the IJ found that Jaritz was not a

6

person of good moral character.  Based on this finding, the IJ denied Jaritz's

voluntary departure request.

## F.    BIA Appeal

On October 28, 2010, Jaritz, through counsel, filed a notice of appeal,

asserting that the IJ erred in denying Jaritz's request for voluntary departure.  In his

counseled appeal brief, Jaritz argued that he had requested pre-conclusion

voluntary departure under INA § 240B(a), 8 U.S.C. § 1229c(a), as opposed to post-

conclusion voluntary departure under INA § 240B(b), 8 U.S.C. § 1229c(b), and

thus, his eligibility for voluntary departure was not dependent on the establishment

of his good moral character.  In his counseled brief, Jaritz also argued that, even if

his request was considered as a post-conclusion voluntary departure request, the IJ

erred in denying his request because the IJ failed to weigh Jaritz's positive and

adverse factors to determine whether he was entitled to voluntary departure as a

matter of discretion.

On January 25, 2013,[4] the BIA dismissed Jaritz's appeal.  The BIA rejected

Jaritz's argument that he requested pre-conclusion voluntary departure because

Jaritz never withdrew his cancellation of removal application, despite having

numerous opportunities to do so.  The BIA then affirmed the IJ's determination

---

[4]By February 15, 2011, Jaritz had filed his appellate brief and the government had filed a response.  Nothing in the record explains the almost two-year gap between those appellate documents being filed and the BIA's dismissal of Jaritz's appeal on January 25, 2013.

that Jaritz failed to show the requisite good moral character for post-conclusion voluntary departure.

**G.    Motion to Reconsider BIA's Dismissal of Appeal**

On February 15, 2013, Jaritz, through counsel, moved the BIA to reconsider its decision to dismiss his appeal. Jaritz asserted that: (1) the BIA erred in concluding that he had not withdrawn his cancellation of removal application and thus could not apply for pre-conclusion voluntary departure; and (2) the IJ made no factual finding as to whether Jaritz was requesting pre- or post-conclusion voluntary departure, and thus, the BIA erred in finding that Jaritz had requested post-conclusion voluntary departure and in not remanding the case back to the IJ to make the necessary factual finding. Finally, Jaritz argued that the IJ and BIA erred in applying the legal standards for determining whether to grant voluntary departure as a matter of discretion by failing to consider and weigh all of the relevant favorable and unfavorable factors.

**H.    BIA's Denial of Motion to Reconsider**

On April 15, 2013, the BIA denied Jaritz's motion to reconsider. The BIA concluded that, because Jaritz declined to withdraw his cancellation of removal application, the BIA's prior rejection of Jaritz's assertion that he had requested pre-conclusion voluntary departure was not erroneous. The BIA rejected Jaritz's argument that it had engaged in impermissible factfinding in determining that he

8

had requested post-conclusion voluntary departure. The BIA concluded that it was clear from the IJ's decision that the IJ had treated Jaritz's voluntary departure request as a request for post-conclusion voluntary departure, and thus, it was unnecessary to remand the case to the IJ to determine whether Jaritz's request was for pre- or post-conclusion voluntary departure. The BIA noted that Jaritz's argument that the BIA had applied an incorrect legal standard in denying his voluntary departure request was the same argument that he made in his direct appeal, and the BIA declined to revisit the issue. The BIA concluded that it was not persuaded by any of Jaritz's alleged "errors of law or fact," as required for a successful motion to reconsider, and denied Jaritz's motion.

On May 13, 2013, Jaritz filed a petition for review in this Court.

## II. DISCUSSION

### A.    Jurisdiction over January 25, 2013 BIA Decision

We review <u>de novo</u> our own subject matter jurisdiction. <u>Martinez v. U.S. Att'y Gen.</u>, 446 F.3d 1219, 1221 (11th Cir. 2006). A petition for review must be filed with this Court no later than 30 days after the BIA's final order of removal. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional" and "not subject to equitable tolling." <u>Dakane v. U.S. Att'y Gen.</u>, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (internal quotation marks omitted). Thus, the filing

9

deadline for a petition for review is not suspended or tolled by the filing of a motion to reconsider.  See id.

Because Jaritz did not file his petition for review until May 13, 2013, his petition as to the BIA's January 25, 2013 decision to dismiss his appeal of the IJ's decision is untimely.  See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1).  Thus, to the extent that Jaritz seeks to challenge the BIA's January 25, 2013 decision, we do not have jurisdiction to review his challenge.  See Dakane, 399 F.3d at 1272 n.3. Thus, we dismiss Jaritz's petition for review as to this issue.

**B.    Jurisdiction over April 15, 2013 BIA Denial of Motion to Reconsider**

We retain jurisdiction over Jaritz's claims related to the BIA's denial of his motion to reconsider because these claims raise questions of law.  See Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010); INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).   Both pre-conclusion and post-conclusion voluntary departures are discretionary forms of relief.  See Arguelles-Campos, 22 I. & N. Dec. 811, 817 (BIA 1999).  Although we lack jurisdiction to review a discretionary decision denying voluntary departure, we retain jurisdiction to review the non-discretionary legal determination as to an alien's statutory eligibility for voluntary

10

departure.  Alvarado, 610 F.3d at 1314; INA §§ 240B(f), 242(a)(2)(D), 8 U.S.C. §§ 1229c(f), 1252(a)(2)(D).[5]

## C.    Merits of Jaritz's Motion to Reconsider

We review the BIA's denial of a motion to reconsider for an abuse of discretion.  Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1252 (11th Cir. 2008).  To the extent that the BIA's decision was based on a legal determination, our review is de novo.  Id.

In the course of deciding an appeal, the BIA "will not engage in factfinding."  8 C.F.R. § 1003.1(d)(3)(iv).  If additional factfinding is needed in a particular case, the BIA may remand the proceeding to the IJ.  Id.

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."  INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  "[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (internal quotation marks and alteration omitted).  Consequently, a motion to reconsider that

---

[5]INA § 240B(f), 8 U.S.C. § 1229c(f) provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of [post-conclusion] voluntary departure." However, this provision does not limit our jurisdiction to review constitutional claims or questions of law concerning the denial of a request for post-conclusion voluntary departure because INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D) provides that "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review."

merely reiterates arguments previously presented to the BIA does not specify errors of facts or law as required for a successful motion to reconsider.  Id.

Voluntary departure permits an alien charged with removability to depart the United States voluntarily at his own expense.  See Alvarado, 610 F.3d at 1314.  "The immigration laws distinguish between a grant of voluntary departure at two different stages of removal proceedings."  Id.

"Pre-conclusion voluntary departure" allows an IJ to enter an order granting voluntary departure "prior to the completion of such proceedings."  INA § 240B(a)(1), 8 U.S.C. § 1229c(a)(1).  Pre-conclusion voluntary departure may be granted only if the alien: (1) makes the request for voluntary departure "prior to or at the master calendar hearing at which the case is initially calendared for a merits hearing"; (2) "[m]akes no additional requests for relief (or if such requests have been made, such requests are withdrawn prior to any grant of voluntary departure . . . )"; (3) "[c]oncedes removability"; (4) "[w]aives appeal [to the BIA] of all issues"; and (5) is not deportable as an aggravated felon or for engaging in terrorist activities.  Id.; 8 C.F.R. § 1240.26(b)(1)(i).

"Post-conclusion voluntary departure" may be granted if the IJ finds that the alien, among other things, "is, and has been, a person of good moral character for

12

at least 5 years immediately preceding the alien's application for voluntary departure."[6]  INA § 240B(b)(1)(B), 8 U.S.C. § 1229c(b)(1)(B).

The BIA did not abuse its discretion in denying Jaritz's motion to reconsider its prior decision affirming the IJ's denial of post-conclusion voluntary departure. At the September 14, 2010 hearing, Jaritz never requested pre-conclusion voluntary departure.  While Jaritz conceded to the IJ on multiple occasions that he could not establish that he was statutorily eligible for cancellation of removal, he specifically declined to withdraw his cancellation of removal application.  Because he failed to withdraw his cancellation of removal application, the IJ and BIA properly considered Jaritz's request as a request for post-conclusion voluntary departure.  See INA § 240B(a)(1) 8 U.S.C. § 1229c(a)(1); 8 C.F.R. § 1240.26(b)(1)(i)(B).[7]

Likewise, the BIA did not engage in impermissible factfinding.  While the IJ never explicitly stated that Jaritz's voluntary departure request was for post-conclusion voluntary departure pursuant to § 1229c(b)(1), it is clear from Jaritz's

---

[6]Other eligibility requirements for post-conclusion voluntary departure include:  (1) physical presence in the United States for a period of at least one year preceding service of the NTA; (2) a finding that the respondent is not deportable as an aggravated felon or for engaging in activities related to national security; and (3) a showing that the respondent has the means to depart the United States and intends to do so.  INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1); 8 C.F.R. § 1240.26(c)(1).

[7]Although the IJ and BIA did not discuss the timeliness of Jaritz's request for voluntary departure, we note that pre-conclusion voluntary departure requests must be made prior to or at the master calendar hearing where the case is initially scheduled for a merits hearing, and Jaritz did not comply with this requirement.  8 C.F.R. § 1240.26(b)(1)(i)(A).

immigration proceedings and the IJ's decision that the IJ found that Jaritz had applied for post-conclusion voluntary departure. While the IJ did not note at the hearing or cite in his oral decision the statutory provision under which Jaritz was seeking voluntary departure, the IJ clearly stated multiple times that, to be eligible for voluntary departure "at the conclusion of proceedings," Jaritz had to meet certain requirements. And, the requirements that the IJ applied (including good moral character) are applicable to post-conclusion voluntary departure, not pre-conclusion voluntary departure. See INA § 240B(a)(1), (b)(1), 8 U.S.C. § 1229c(a)(1), (b)(1).

Because the immigration proceedings and the IJ's decision make clear that the IJ found that Jaritz applied for post-conclusion voluntary departure, the BIA, in denying Jaritz's motion to reconsider, properly concluded that it did not engage in impermissible factfinding in deciding Jaritz's appeal. Moreover, to the extent that Jaritz reiterated the same arguments in his motion to reconsider that he raised in his direct appeal, the BIA did not abuse its discretion in denying his motion to reconsider. See Calle, 504 F.3d at 1329. Accordingly, we deny Jaritz's petition as to these issues.

For all of the foregoing reasons, we dismiss in part and deny in part Jaritz's petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**

14