[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11376

_____

Agency Nos. A079-494-222,
A079-494-223

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2010
JOHN LEY
CLERK

MARTHA  LUCIA ALVARADO,
ANDRES FELIPE LAVERDE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 8, 2010)

Before DUBINA, Chief Judge, FAY, Circuit Judge, and ALBRITTON,* District
Judge.

ALBRITTON, District Judge:

_____

* Honorable W. Harold Albritton, III, United States District Judge for the Middle District
of Alabama, sitting by designation.

Martha Lucia Alvarado and Andres Felipe Laverde seek review of the Board of Immigration Appeals's ("BIA") final order of removal affirming the Immigration Judge's ("IJ") decision to deny them the opportunity to apply for voluntary departure pursuant to Immigration and Nationality Act ("INA") § 240B(b)(1), 8 U.S.C. § 1229c(b)(1). The IJ denied Alvarado and Laverde the opportunity to apply for voluntary departure because they waited to request this relief until after the IJ denied their request for asylum and witholding of removal and issued an oral decision ordering their removal from the United States.

On appeal, Alvarado and Laverde argue that the IJ violated their due process rights under the Fifth Amendment and the INA statutes governing voluntary departure by refusing to permit them to apply for voluntary departure at the conclusion of their removal proceedings.[1] In response, the Government argues that Alvarado and Laverde did not timely request voluntary departure, and thus the IJ correctly denied them the opportunity to make the request after the IJ rendered his oral decision on removability.

The INA provides that an IJ may grant voluntary departure "at the conclusion of a proceeding," but otherwise does not specify when the alien must

---

[1] Because we ultimately conclude that the IJ's interpretation of the statutes governing voluntary departure was unreasonable and requires a remand to determine Alvarado and Laverde's eligibility for voluntary departure, we do not address whether the denial of voluntary departure violated the Fifth Amendment.

request voluntary departure pursuant to INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1). Because the IJ and the BIA misinterpreted the phrase "at the conclusion of a proceeding" in a way that improperly denied Alvarado and Laverde the opportunity the statute provides them to request voluntary departure, we vacate and remand the BIA's order.

## I.  BACKGROUND

Alvarado and Laverde, natives and citizens of Colombia, were admitted to the United States at Miami, Florida, on or about May 22, 2001, as visitors for pleasure.  The Department of Homeland Security served them with notices to appear on September 13, 2007, charging them with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as aliens who remained in the United States for a time longer than permitted.  Alvarado and Laverde filed applications for asylum and withholding of removal pursuant to INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).  In March 2008, Alvarado and Laverde appeared before an IJ at a master calendar hearing, and neither the IJ nor Alvarado or Laverde mentioned voluntary departure.  In May 2008, Alvarado and Laverde appeared before the IJ at a merits hearing and did not provide testimony regarding their qualifications for voluntary departure or mention voluntary departure in their closing statement.  The IJ rendered an oral decision, in which he denied Alvarado and Laverde's requests for asylum and witholding of removal, thus ordering their removal from the United

States. Immediately after the IJ rendered his decision, Alvarado and Laverde requested that the IJ grant them voluntary departure as an alternative to removal. The IJ refused to consider their request because they did not mention voluntary departure at the master calendar hearing or at any point during the merits hearing before the IJ rendered his oral decision.[2]

Alvarado and Laverde filed a notice of appeal to the BIA, appealing the IJ's denial of asylum and withholding of removal, as well as his refusal to permit them to apply for voluntary departure at the conclusion of the removal proceedings. The BIA affirmed the denial of asylum and withholding of removal.[3] The BIA also affirmed the IJ's refusal to allow Alvarado and Laverde to apply for voluntary departure, finding that Alvarado and Laverde had several opportunities during the proceedings to request voluntary departure and present evidence regarding their

---

[2] "Judge to Counsel
      Q. Is there anything else from either side?
  Mr. Jaramillo to Judge
      Q. Your Honor, the remaining issue of voluntary departure that they would be seeking in the alternative.
      A. Well, counsel, this was never brought up before.
      Q. Well, we were seeking as an alternative form of relief.
      A. This was never brought up at master calendar. This was never brought up at any time and it was not brought up until the Court had already basically gone through everything. You had an opportunity to, you had your client on the stand. You could have qualified your client. You did nothing. So the Court is going to preclude you from going forward with that. Okay."
See Admin. R. 96-97, *In Re Martha Lucia Alvarado*, A079 494 222, Miami, FL (B.I.A. Feb. 26, 2009).

[3] Alvarado and Laverde do not appeal the decision of the BIA denying asylum and withholding of removal.

qualifications for voluntary departure, but failed to do so.

## II. JURISDICTION

We review our subject matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam) (citing *Brooks v. U.S. Att'y Gen.*, 283 F.3d 1268, 1272 (11th Cir. 2002)). Section 1252 of Title 8 limits our jurisdiction over denials of discretionary relief in immigration proceedings, including the denial of voluntary departure. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B). This statute, however, does not strip us of jurisdiction over the issue in this case. Although we lack jurisdiction to review a discretionary decision denying voluntary departure, we retain jurisdiction to review non-discretionary legal determinations as to statutory eligibility for discretionary relief. *Gonzalez-Oropeza*, 321 F.3d at 1332 (citing *Al Najjar v. U.S. Att'y Gen.*, 257 F.3d 1262, 1297-98 (11th Cir. 2001)). In this case, the IJ concluded that Alvarado and Laverde failed to timely request voluntary departure, and thus refused to permit them to apply for such discretionary relief and prove their eligibility. This conclusion was a non-discretionary judgment regarding Alvarado and Laverde's statutory eligibility to request discretionary relief, and therefore, we have jurisdiction.[4]

---

[4] Because we have jurisdiction on this basis, we need not consider whether jurisdiction is proper on the ground that Alvarado and Laverde have a substantial constitutional claim pursuant to INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

## III. STANDARD OF REVIEW

Where the BIA issues its own decision, we review only that decision, "except to the extent that it expressly adopts the IJ's opinion." *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quoting *Al Najjar*, 257 F.3d at 1284).

We review issues of statutory interpretation *de novo*, but we defer to a reasonable interpretation of the statute by the agency that administers it. *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (*citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–44, 104 S. Ct. 2778, 2781–83 (1984)).

## IV. DISCUSSION

Voluntary departure is a discretionary form of relief that permits certain aliens to depart the United States at their own expense. INA § 240B, 8 U.S.C. § 1229c; *see also Dada v. Mukasey*, __ U.S. __ , 128 S. Ct. 2307, 2312 (2008). The immigration laws distinguish between a grant of voluntary departure at two different stages of removal proceedings. *See* INA § 240B(a)(1)–(b)(1), 8 U.S.C. § 1229c(a)(1)–(b)(1)*; Narine v. U.S. Att'y Gen.*, 559 F.3d 246, 248 n.1 (4th Cir. 2009); *Hashish v. U.S. Att'y Gen.*, 442 F.3d 572, 577-78 (7th Cir. 2006).

"Pre-conclusion voluntary departure" allows an alien charged with removability to depart the country voluntarily, at his own expense, instead of

going through removability proceedings, or *prior to the completion* of removability proceedings, pursuant to INA § 240B(a)(1), 8 U.S.C. § 1229c(a)(1).[5] In order to be granted voluntary departure at this stage, an alien must make his or her request prior to or at the master calendar hearing at which the case is scheduled for a hearing on the merits. 8 C.F.R. § 1240.26(b)(1)(i)(A).[6]

"Post-conclusion voluntary departure" is separately provided for in INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1), which allows an IJ to enter an order granting voluntary departure *at the conclusion of a removal proceeding.*[7] The statute and

---

[5] 8 U.S.C. § 1229c(a)(1) states:
The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings, if the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4)(B) of this title.

[6] In addition to the explicit timeliness requirement regarding the request for voluntary removal prior to the completion of removal proceedings, regulations require the alien to make no additional requests for relief, or to withdraw any such requests before voluntary departure may be granted; concede removability; waive appeal of all issues; and not be deportable as an aggravated felon or on security grounds. *See* 8 C.F.R. § 1240.26(b)(1)(i)(B)-(E).

[7] 8 U.S.C. § 1229c(b)(1) states:
The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a proceeding under section 1229a of this title, the immigration judge enters an order granting voluntary departure in lieu of removal and finds that –
　　　(A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 1229(a) of this title;
　　　(B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;
　　　(C) the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4) of this title; and
　　　(D) the alien has established by clear and convincing evidence that the alien

corresponding regulation do not specify when an alien must make a request for this type of voluntary departure. Indeed, the question in this case is whether an alien who has not sought pre-conclusion voluntary departure may, for the first time, request post-conclusion voluntary departure at the end of a removal proceeding, after the IJ issues an oral decision ordering the alien's removal from the United States.

Post-conclusion voluntary departure permits an immigration judge to enter an order granting voluntary departure in lieu of removal "at the conclusion of a proceeding." INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1). The Government argues that Alvarado and Laverde's request for voluntary departure was untimely under the statute because the request came after the IJ issued an oral decision denying their asylum application and ordering them removed from the United States. According to the Government's interpretation of the statute, the proceeding concluded the moment the IJ rendered his oral decision and ordered Alvarado and Laverde removed from the United States; therefore, after this moment, Petitioners could not request voluntary departure.

Under the rules of statutory construction, the plain meaning is conclusive, except when the literal interpretation will produce a result at odds with the intent

has the means to depart the United States and intends to do so.

of the statute. *In re Hoggle*, 12 F.3d 1008, 1010 (11th Cir. 1994) (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S. Ct. 1026, 1031 (1989)). When interpreting a statute, we do not analyze a particular clause in isolation, but we must consider it in light of the entire statute. *Dada*, 128 S. Ct. at 2317 (citing *Kokoszka v. Belford*, 417 U.S. 642, 650, 94 S. Ct. 2431, 2436 (1974)). Additionally, we look not only to plain meaning of the statute, but also its design, object, and policy. *Crandon v. United States*, 494 U.S. 152, 158, 110 S. Ct. 997, 1001 (1990).

Considering the statutory scheme governing voluntary departure as a whole, the Government's argument that an alien cannot request post-conclusion voluntary departure immediately after the IJ issues an oral decision on removal is unreasonable. First, the statutes and regulations governing voluntary departure never state that an alien must request post-conclusion voluntary departure before an IJ issues an oral decision on removal. Rather, the statute speaks to when an IJ may enter an order regarding post-conclusion voluntary departure, and specifies that the IJ may enter the order "at the conclusion of a proceeding." *See* INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1). A corresponding regulation further provides that an application for voluntary departure "shall be made only during the hearing." *See* 8 C.F.R. § 1240.11(b) and (e). Together these provisions permit an alien to request post-conclusion voluntary departure at any time during the

9

hearing. Here, Alvarado and Laverde requested voluntary departure during the hearing, as their request is reflected on the hearing transcript. *See* Admin. R. at 96-97. Unless there is a statute or regulation that requires an alien to request post-conclusion voluntary departure as soon as the opportunity presents itself, the failure to do so does not forfeit an alien's ability to apply for such relief.

Under the current statutory scheme for voluntary departure, the two categories differ in the availability of appeals, the requirements that must be satisfied, and the number of days available for voluntary departure. *See* INA §240B(a)-(b), 8 U.S.C. § 1229(a)-(b). Additionally, the statute does not give a preference as to which form of voluntary departure an alien should request. The alien has complete discretion to strategically choose when to request voluntary departure, if at all, because each form carries different consequences.

Moreover, allowing an alien to apply for voluntary departure immediately after the IJ issues an oral decision on removability is consistent with the design, object, and policy of the statutes and regulations governing such relief. "Voluntary departure, under the current structure, allows the Government and the alien to agree upon a *quid pro quo*." *Dada*, 128 S. Ct. at 2314. From the Government's perspective, voluntary departure expedites the deportation process and avoids the expense of deportation. *Id.* From the alien's perspective, voluntary departure allows him or her to avoid extended detention prior to departure, choose

10

when to depart (subject to certain constraints), select the country of destination, and facilitate readmission at a later date by avoiding some of the penalties attendant to deportation. *Id.* Allowing an alien to request voluntary departure immediately after an IJ denies him or her asylum is consistent with this *quid pro quo* arrangement. It allows the alien to vigorously urge the granting of asylum and withholding of removal, and then, only after having been denied that relief, to seek leave to voluntarily depart, in lieu of the ordered removal. And, it does not compromise the Government's interest in a "prompt and costless departure." *Dada*, 128 S. Ct. at 2319.[8]

The Government argues that 8 U.S.C. § 1229a(c)(4) supports requiring an alien to request post-conclusion voluntary departure before the IJ issues an oral decision ordering the alien removed. It does not. That code section provides, among other things, that the alien has the burden of proof to establish that he or she is eligible for discretionary relief, but that section says nothing of when the alien must request voluntary departure pursuant to INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1).

---

[8] We stress that Petitioners in this case requested post-conclusion voluntary departure *immediately after* the IJ issued his oral decision on removal, and prior to the conclusion of the hearing. We express no opinion on the validity of a later request, which may compromise the government's interest in a prompt and costless departure. *See, e.g.,* 8 C.F.R. § 1240.26(e) ("If voluntary departure is granted at the conclusion of proceedings, the immigration judge may grant a period not to exceed 60 days.").

The Government also argues that, because the statute requires certain criteria to be met before voluntary departure may be granted, the request for voluntary departure must necessarily be made prior to the IJ's oral decision. This argument also fails. The Government is correct that the statute clearly requires an alien to prove that he or she is qualified for voluntary departure. *See* 8 U.S.C. § 1229c(b)(1)(A)-(D). But, requiring an alien to prove that he or she is qualified for voluntary departure speaks to what an alien must prove to be eligible, not when it must be proved.

The Government next argues that, because an IJ may grant an order of voluntary departure "in lieu of removal" at the conclusion of a proceeding under INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1), the request for voluntary departure must be made before the IJ's order on removal. The phrase "in lieu of removal" sheds no light on the issue of when an alien must request voluntary departure. The phrase simply means that voluntary departure is an alternative form of relief that may take the place of a removal order. The phrase has no bearing on the timing of a request for voluntary departure.

Lastly, the Government argues that allowing an alien to request voluntary departure immediately after an IJ's oral decision ordering removal would "mandate reopening" of the removal proceedings, forcing the IJ to permit an alien to testify about his or her statutory eligibility for voluntary departure after the proceedings

12

concluded. This "mandatory reopening," according to the Government, would upset the statutory scheme that Congress has established to address removability and the granting of relief from removal. This argument is unpersuasive. The statute permits an IJ to grant an order of voluntary departure "at the conclusion of a proceeding," and the proceeding does not necessarily conclude, for purposes of requesting voluntary departure, the moment an IJ issues an oral decision on removal. Thus, allowing an alien to request voluntary departure immediately after the IJ's oral decision does not mandate reopening of the proceeding, because the proceeding has not yet concluded.

In sum, interpreting the phrase "at the conclusion of a proceeding" to allow an alien to request voluntary departure after an IJ denies an asylum application recognizes the incentives both of the Government and the alien, and it ensures the smoothest working of the statute as a whole.

## V. CONCLUSION

Alvarado and Laverde requested asylum and withholding of removal. They lost. They then requested voluntary departure, immediately after the IJ rendered his oral decision on removal, and prior to the conclusion of the hearing. Allowing them to make their request at that time is consistent with the statutory requirement that an IJ may grant voluntary departure "at the conclusion of a proceeding" pursuant to INA § 240(b)(1), 8 U.S.C. § 1229c(b)(1). We conclude that the BIA's

13

interpretation of "at the conclusion of a proceeding" was unreasonable because it denied Alvarado and Laverde the opportunity to request voluntary departure immediately after the IJ's oral decision and prior to the conclusion of the hearing. The request was timely made.  We vacate the BIA's order and remand for a determination on Alvarado's and Laverde's application for  voluntary departure.

**VACATED AND REMANDED**