[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10210
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2011
JOHN LEY
CLERK

Agency No. A096-576-252

RAYMOND ALEXANDER CLARKE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 1, 2011)

Before BARKETT, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Raymond Alexander Clarke, a native and citizen of Jamaica, seeks review

of the Board of Immigration Appeals's ("BIA") order dismissing his appeal of the

Immigration Judge's ("IJ") decision pretermitting his application for adjustment of

status under Immigration and Nationality Act ("INA") § 245(a), 8 U.S.C. § 1255(a), and granting him voluntary departure. On appeal, Clarke argues that the BIA and IJ erred in concluding that he was an "alien crewman" and thus statutorily ineligible for adjustment of status under INA § 245(c), 8 U.S.C. § 1255(c).[1]

The Attorney General may, in his discretion, adjust the status of an alien admitted or paroled into the United States if the alien meets certain requirements. INA § 245(a), 8 U.S.C. § 1255(a). When applying for adjustment of status, the alien bears the burden of establishing that he meets the eligibility requirements. INA § 240(c)(4), 8 U.S.C. § 1229a(c)(4) (as amended by the REAL ID Act of 2005, Pub. L. No. 109-13). However, adjustment of status under § 1255(a), is not available to an "alien crewman." INA § 245(c), 8 U.S.C. § 1255(c). The INA defines a "crewman" as "a person serving in any capacity on board a vessel or aircraft." INA § 101(a)(10), 8 U.S.C. § 1101(a)(10).

Clarke argues that he does not meet the definition of a crewman because he did not enter the United States while employed on a ship, nor did he have a

_____

[1] We have jurisdiction to review the legal question of whether Clarke was statutorily ineligible for adjustment of status. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010). We review the BIA and IJ's finding that Clarke was a "crewman" for substantial evidence and will reverse the agency's findings only if the record compels reversal. *Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1323-24 (11th Cir. 2010).

contract of employment as a crewman waiting for him in the United States at the time of his entry. However, an alien need not be a crewman before he enters the United States in order to meet the INA's definition; it is sufficient that the alien enter the United States "in pursuit of his calling as a seaman." *Parzagonis v. I.N.S.*, 747 F.2d 1389, 1390 (11th Cir. 1984). Clarke entered the United States with a nonimmigrant "C-1/D" visa. A "C-1" visa classification is given to nonimmigrants in transit, and a "D" visa classification is given to someone accorded "alien crewman" status. *See Matter of G-D-M-*, 25 I. & N. Dec. 82, 85-86 (BIA 2009). The IJ found that Clarke's visa type was a clear indication that Clarke was a crewman, and requested that Clarke submit documentary evidence of his visa application to establish that the C-1 visa was issued for some purpose other than to join a ship as a crewman. Clarke declined to present any such evidence. Rather, his counsel acknowledged at the hearing that Clarke's visa application would show that he represented to immigration officials that he was an intending crewman in order to obtain his visa.[2] Accordingly, we cannot say this

---

[2] Clarke argues that under the BIA's unpublished decision in *In re: Saturnino Orocary Baguis Jr.*, 2005 WL 1848389 (BIA May 6, 2005), he should be classified as a nonimmigrant in transit, not an alien crewman, because he was issued a Form I-94 rather than a Form I-184 or Form I-95 upon his entry into the United States. As an initial matter, this decision is unpublished and does not control here. Moreover, we see no reversible error in the IJ's determination that Clarke's case is distinguishable from *In re: Saturnino* because the record shows that Clarke obtained his visa by representing that he intended to obtain work as a crewman in the United States.

record compels reversal of the IJ's conclusion that Clarke was an "alien crewman" and thus failed to meet his burden of establishing that he was eligible for adjustment of status.

**PETITION DENIED.**