[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12516
Non-Argument Calendar
_____

Agency No. A087-937-787


SEBASTIAN ST. AUBYN MURPHY,
a.k.a. Sebastian Murphy,
a.k.a. Sebastian St. Abuyn Murphy,
a.k.a. Darien Dukelly,
a.k.a. Darien Michael Dukelly,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 11, 2016)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sebastian Murphy seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of adjustment of status under the Immigration and Nationality Act ("INA") § 245(a), 8 U.S.C. § 1255(a), and waiver of inadmissibility under INA § 212(h), 8 U.S.C § 1182(h). After review, we deny Murphy's petition for review.

## I.  BACKGROUND FACTS

### A.    Murphy's Overstay and Federal Conviction

Murphy, a native and citizen of Jamaica, entered the United States in December 1990 on a one-year tourist visa and has remained in the United States ever since.

In December 2003, Murphy obtained a Florida driver's license in the name of "Darien Dukelly."  Murphy's application for the driver's license indicated that "Dukelly" was born in the United States Virgin Islands.  The Department of Motor Vehicles also received a copy of a U.S. Virgin Islands birth certificate in the name of Darien Dukelly.

In December 2005, Murphy applied for and received several credit cards using a false social security number.  In January 2006, Murphy secured a vehicle loan using the same false social security number and purchased a truck for his

2

landscaping business.  As a result of these activities, in August 2010, Murphy pled guilty to, and was convicted in federal court of, false use of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B), and aggravated identity theft, in violation of 18 U.S.C. § 1028A.  Murphy served a 24-month sentence.

## B.    Notice to Appear

Murphy was placed in removal proceedings in February 2010.  After Murphy completed his federal sentence, the Department of Homeland Security served him with an amended Notice to Appear ("NTA").  The NTA alleged that Murphy (1) was admitted to the United States on or about December 20, 1990, as a nonimmigrant visitor for pleasure (B2 visa) with authorization to remain in the United States for a maximum period not to exceed one year; (2) remained in the United States longer than one year; (3) in December 2003, represented himself to be a citizen of the United States for the purpose of obtaining a Florida driver's license by presenting a U.S. Virgin Islands birth certificate to the Florida Department of Motor Vehicles ("DMV"); and (4) in December 2010, was convicted of false use of a social security number and aggravated identity theft.

Accordingly, the NTA charged Murphy with these three grounds of removability: (1) under INA § 237 (a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States longer than permitted; (2) under INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D), as an alien who made a false claim of

3

citizenship; and (3) under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony theft offense, as defined in INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G).  Murphy, through counsel, admitted all of the NTA's factual allegations, except that he had misrepresented his citizenship to the Florida DMV.  Murphy also conceded removability for overstaying his visa, the first ground, but denied the second and third grounds, falsely claiming U.S. citizenship and being convicted of an aggravated felony theft offense.

## C.     Applications for Adjustment of Status and Waiver of Inadmissibility

In July 2011, Murphy filed an I-485 application for adjustment of status to lawful permanent residence under INA § 245(a), 8 U.S.C. § 1255(a), along with an I-601 application for waiver of inadmissibility under INA § 212(h), 8 U.S.C § 1182(h), based upon his marriage to his U.S. citizen wife, with whom he has four U.S.-born children.

## D.     Merits Hearing Evidence

At a 2013 merits hearing, the IJ heard testimony from Murphy, his wife, a neighbor and friend, and a therapist who had treated Murphy's family and prepared an expert report opining on the hardships Murphy's family faced if he were removed from the United States.  Relevant to this appeal, Murphy testified, inter alia, that in 2003 he paid a man named Patrick $1,500 to get him a Florida driver's

license.  Murphy gave Patrick the made-up name Darien Dukelly, a birth date, and photographs of himself he had taken at a CVS store.  Two weeks later, Patrick delivered the Florida license in an envelope.  Murphy claimed he did not go to the DMV himself, did not submit the U.S. Virgin Islands birth certificate to the DMV, and did not represent to the DMV that he was born in the U.S. Virgin Islands.  Approximately a year later, Murphy went to the DMV to obtain a replacement driver's license and had a new picture taken, but he was not required to fill out any paperwork or submit any forms and was not asked if he was a U.S. citizen.  At some point, Murphy also obtained a Florida identification card with the name Darien Dukelly.

The DHS submitted the Florida DMV information for Darien Dukelly, which listed Dukelly's state of birth as the U.S. Virgin Islands and indicated that Dukelly was a U.S. citizen.  The DMV information also contained a copy of a U.S. Virgin Islands birth certificate in the name of Darien Dukelly.  According to the DMV information, Murphy obtained a replacement driver's license in the name Darien Dukelly on March 10, 2005, and a duplicate driver's license on January 25, 2007.  On October 17, 2007, he obtained another duplicate driver's license and an original identification card in the name Darien Dukelly, which also indicated he was born in the U.S. Virgin Islands.

## E.    IJ's Decision

5

The IJ found Murphy's account of how he obtained the Florida driver's licenses and identification card implausible and not credible. The IJ noted that, under Florida law, an applicant must indicate his country of birth to obtain an identification card and that Florida DMV's records indicated Darien Dukelly was a U.S. citizen. The IJ found that it was likely Murphy had represented himself as a U.S. citizen to the DMV to obtain the identification card.

As to removability, the IJ noted that Murphy had conceded removability for overstaying his visa. The IJ rejected the NTA's charge that Murphy was removable based on his aggravated identify theft conviction, concluding that this conviction did not qualify as an aggravated felony theft offense under INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). However, the IJ sustained the NTA's charge of removability for making a false claim of citizenship under INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D), because Murphy went in person to the DMV, knowingly represented himself to be a U.S. citizen on his application, and certified that the information on his application was true in order to obtain a Florida identification card.

The IJ denied Murphy's applications for adjustment of status and waiver of inadmissibility. The IJ concluded that Murphy had failed to carry his burden to show he was admissible or, if inadmissible, eligible for a waiver of inadmissibility. In particular, the IJ found that Murphy was inadmissible because (1) he had been

convicted of false use of a social security number, which was a crime involving moral turpitude; and (2) he had falsely represented himself as a U.S. citizen to obtain a benefit. Because the second ground for inadmissibility cannot be waived, the IJ concluded that Murphy had failed to show he was statutorily eligible to adjust his status. The IJ ordered Murphy removed from the United States to Jamaica.

## E.    BIA's Final Order

The BIA affirmed the IJ's decision. Because Murphy conceded removability for overstaying his visa, the BIA "declined to consider [Murphy's] arguments regarding his false claim of United States citizenship inasmuch as it relates to his deportability," and instead "examine[d] whether [Murphy] carried his burden of proof in establishing his admissibility to the United States for purposes of obtaining relief from removal in the form of adjustment of status."

As to Murphy's eligibility for adjustment of status, the BIA found the IJ's adverse credibility finding was not clearly erroneous. The BIA noted that the IJ "found [Murphy's] account of events to be implausible, as it was undermined by the DMV's standard practice of taking pictures on-site in issuing licenses and identification documents." The BIA concluded that the IJ reasonably relied upon Florida's statutorily mandated requirements for receiving identification cards. Because the BIA found no clear error in the IJ's adverse credibility finding, the

BIA agreed with the IJ's conclusion that Murphy did not meet his burden to establish he was not inadmissible for making a false claim of U.S. citizenship, for which no waiver of inadmissibility was available. Therefore, the BIA concluded, Murphy was also statutorily ineligible for an adjustment of status.

The BIA rejected Murphy's argument that the IJ violated his due process rights by, inter alia, impermissibly shifting the burden of proof to Murphy. The BIA explained that Murphy conceded his removability for overstaying his visa and carried the burden to establish his admissibility and eligibility for adjustment of status. The BIA also rejected Murphy's suggestion that the IJ showed bias or acted impermissibly when he discussed Florida's statutory requirements for obtaining a state identification.

## II.  DISCUSSION

### A.    Removability and Adjustment of Status

An alien is removable if the alien is within one or more classes as specified by the INA. See INA § 237 (a), 8 U.S.C. § 1227(a). Those classes include staying longer than permitted and making a false claim of U.S. citizenship. See INA § 237 (a)(1)(B) & (a)(3)(D), 8 U.S.C. § 1227(a)(1)(B) & (a)(3)(D). The government bears the burden of showing by clear and convincing evidence that the alien is removable. INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A); see also Woodby v. INS, 385 U.S. 276, 277, 87 S. Ct. 483, 484 (1966).

The Attorney General, at her discretion, may adjust the status of an alien to that of lawful permanent resident if, among other requirements, the alien is admissible for permanent residence. INA § 245(a), 8 U.S.C. § 1255(a)(2). An alien who falsely represented himself as a U.S. citizen in order to obtain a benefit under state or federal law is not admissible. INA § 212(a)(6)(C)(ii)(I), 8 U.S.C. § 1182(a)(6)(C)(ii)(I). Furthermore, the INA does not authorize a waiver in these circumstances. See INA § 212(a)(6)(C)(iii), 8 U.S.C. § 1182(a)(6)(C)(iii); see also INA § 212(h), (i), 8 U.S.C. § 1182(h), (i). Thus, an alien who falsely claims U.S. citizenship is not eligible for an adjustment of status. See INA § 245(a)(2), 8 U.S.C. § 1255(a)(2).

An alien applying for adjustment of status has the burden of proving he satisfies the applicable eligibility requirements. INA § 240(c)(4)(A)(i), 8 U.S.C. § 1229a(c)(4)(A)(i). If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien has the burden of proving by a preponderance of the evidence that such grounds do not apply. 8 C.F.R. § 1240.8; see also INA § 240(c)(2)(A), 8 U.S.C. § 1229a(c)(2)(A) ("[I]f the alien is an applicant for admission," then the alien has the burden of establishing "that the alien is clearly and beyond doubt entitled to be admitted and is not inadmissible").

B.    **Murphy's Burden of Proof**

9

In his petition for review, Murphy does not challenge the BIA's conclusion that he is removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for having overstayed his visa.  Instead, Murphy argues that the BIA was required to also address whether he was removable under INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D), for making a false claim of U.S. citizenship before addressing his application for adjustment of status and that its failure to do so improperly shifted the burden of proof to Murphy.[1]

Murphy's claim as to the burden of proof lacks merit.  Murphy conceded his removability for overstaying his visa.  Accordingly, the government's burden to prove removability had been met.  The BIA's decision not to address Murphy's arguments regarding another ground for removability—falsely claiming U.S. citizenship—did not shift the government's burden of proof as to removability to Murphy.  Rather, because Murphy conceded removability, the BIA turned to Murphy's request for relief from removal in the form of adjustment of status, an issue for which Murphy properly bore the burden of proof.

Citing 8 C.F.R. § 1240.8(d), Murphy argues that the burden of proof should not have shifted to him.  Murphy misreads § 1240.8(d), which provides:

---

[1]While we do not have jurisdiction to review discretionary decisions to deny an application for adjustment of status, we have jurisdiction to review constitutional claims and questions of law, including non-discretionary legal determinations as to statutory eligibility for discretionary relief.  See Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010); see also INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  Therefore, we have jurisdiction to review the IJ's and the BIA's determination that Murphy was statutorily ineligible for adjustment of status.

> (d) Relief from removal.  The respondent shall have the burden of establishing that he or she is eligible for any requested benefit or privilege and that it should be granted in the exercise of discretion.  <u>If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply.</u>

8 C.F.R. § 1240.8(d) (emphasis added).  As the provision clearly states, Murphy had the burden to show he satisfied the applicable eligibility requirements for the relief from removal he requested.  Section 1240.8(d) is consistent with the INA, which squarely places the burden upon an applicant for adjustment of status to prove he is eligible, including that he is not inadmissible.  See INA § 240(c)(2)(A), (4)(A)(i), 8 U.S.C. § 1229a(c)(2)(A), (4)(a)(i); INA § 245(a), 8 U.S.C. § 1255(a).

Furthermore, the government presented evidence that Murphy had made a false claim of U.S. citizenship, namely documents from the Florida DMV indicating he had obtained an identification card listing his place of birth as the U.S. Virgin Islands.  Although Murphy disputes this evidence, the evidence indicated that a mandatory ground for denial of his application for adjustment of status may apply, and thus under 8 C.F.R. § 1240.8(d), quoted above, Murphy had the burden to show by a preponderance of the evidence that the ground indicated did not in fact apply.  Stated simply, Murphy had the burden to show that he did not make a false claim of U.S. citizenship.  In sum, we find no error in the BIA's allocation of the burdens of proof.

## C.    IJ's Adverse Credibility Determination

Murphy contends that the BIA erred in relying upon the IJ's adverse credibility finding because it failed to comply with INA § 240(c)(4)(C), 8 U.S.C. § 1229a(c)(4)(C). We disagree. When the IJ is considering an application for relief from removal under § 1229a(c)(4), the IJ may base any credibility determination on, among other things, "the inherent plausibility of the applicant's or witness's account." INA § 240(c)(4)(C), 8 U.S.C. § 1229a(c)(4)(C). That is what the IJ did here in discrediting Murphy's account of how he obtained his Florida driver's license and identification card in the name of Darien Dukelly.

Moreover, substantial evidence supports the IJ's adverse credibility determination. See Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1344 (11th Cir. 2008). Murphy testified that he provided his own pictures for the Darien Dukelly driver's license, which was inconsistent with the DMV's standard practice of taking pictures on-site and in person. Murphy complains that the BIA ignored articles he submitted to the BIA indicating that a black market exists for obtaining DMV credentials. The BIA acknowledged this evidence, but concluded that it did not "compel a factual determination that [Murphy] testified plausibly that he obtained his driver's license in the manner in which he claimed."[2]

---

[2]Murphy also argues that the IJ improperly compared the signatures on the Darien Dukelly driver's license and the Darien Dukelly identification card, which he claims violated his due process rights. However, the BIA noted in its decision that it did not rely on any

In any event, Murphy also testified that he went in person to the DMV to obtain a Florida identification card, but maintained that he never provided his place of birth or country of citizenship in securing the card. Murphy's testimony, however, was contrary to the DMV documents and the Florida statutory requirements for obtaining an identification card, both of which the IJ was entitled to consider.

Under Florida Statutes § 322.051, an individual seeking an identification card from the DMV must complete an application that includes, inter alia, the applicant's country of birth. Fla. Stat. § 322.051(1)(a)(1). The applicant must present proof of identity based on certain documents, such as a certified copy of a U.S. birth certificate. Id. § 322.051(1)(a)(3)(b). And, the applicant must verify and sign the application before a person authorized to administer an oath. Id. § 322.051(1)(b).

Murphy admitted he went to the DMV to obtain the Darien Dukelly identification card. The DMV records indicated that, at that time, Murphy asserted U.S. citizenship in his application and presented as proof of his identity a U.S. Virgin Islands birth certificate. These documents, in addition to the process prescribed by statute, contradict Murphy's version of events.

---

handwriting comparisons by the IJ. Given that the BIA did not adopt this portion of the IJ's reasoning, we have no occasion to review it. See Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).

13

For this reason, there is no merit to Murphy's argument that the BIA relied solely on the IJ's adverse credibility finding to conclude he was statutorily ineligible for adjustment of status. The government submitted DMV records, which, as noted above, indicated that Murphy asserted U.S. citizenship and presented a U.S. Virgin Islands birth certificate when he applied for a Florida identification card in the name of Darien Dukelly on October 17, 2007.

## III. CONCLUSION

In sum, based on the IJ's fact finding that Murphy made a false claim of U.S. citizenship to the Florida DMV in order to obtain a driver's license and an identification card, Murphy was inadmissible under INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii). Furthermore, his ground for inadmissibility could not be waived under INA § 212(h), 8 U.S.C. § 1182(h). As such, Murphy failed to carry his burden under INA § 240(c)(4)(A)(i), 8 U.S.C. § 1229a(c)(4)(A)(i), to show he was statutorily eligible for an adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a). For these reasons, the BIA did not err in denying Murphy's applications for a waiver of inadmissibility and for adjustment of status.

**PETITION FOR REVIEW DENIED.**

14