[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11530
Non-Argument Calendar
_____

Agency No. A206-701-676

KENIA FABIOLA NUNEZ-ROMERO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 14, 2018)

Before WILSON, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Kenia Nunez-Romero, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Because neither of the arguments Petitioner raises in her petition for review were exhausted to the BIA, we lack jurisdiction to review these arguments. Accordingly, we dismiss the petition for review.

## I.    BACKGROUND

In July 2014, the Department of Homeland Security served Petitioner with a Notice to Appear, charging her with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), for being an alien present in the United States without being admitted or paroled. In March 2015, Petitioner filed an application for withholding of removal and CAT relief based on her membership in a particular social group. Specifically, she asserted that she feared returning to Honduras because her son's father had physically abused her and threatened to kill her.

At a subsequent hearing before the IJ, Petitioner admitted the allegations in the Notice to Appear and indicated that she was seeking asylum, in addition to withholding of removal and CAT relief. At the merits hearing, Petitioner testified that she had failed to file her asylum application within one year of her arrival in February 2013 because she was busy trying to find a way to bring her son to the

2

United States.  Petitioner explained that she was kidnapped by her son's father in 2002, when she was 14 years old.  She said he took her to the mountains and raped her repeatedly for several months.  She became pregnant during this time.  She also recounted a separate occasion where she was raped by her son's father's cousins.

On cross-examination, Petitioner changed her account, testifying that she became pregnant with her son in 2005 and gave birth to him in 2006.  Government counsel asked Petitioner to explain why she testified on direct examination that she became pregnant in 2002 while she was in the mountains, but just moments later had said she became pregnant with this son in 2005.  Petitioner clarified that she had been pregnant twice; she had gotten pregnant for the first time when she was in the mountains but lost that baby due to her son's father's abuse.  On redirect examination, Petitioner, switched gears again, admitting that she had only been pregnant once and had lied about having a miscarriage.

Following the hearing, the IJ denied Petitioner's applications for relief.  The IJ noted that Petitioner's inadmissibility pursuant to § 1182(a)(6)(A)(i) had been established by clear and convincing evidence.  The IJ further concluded that Petitioner was statutorily ineligible for asylum because her application was filed more than one year after her arrival in the United States and she had failed to establish changed or extraordinary circumstances that would excuse the untimely filing.  As to her applications for withholding of removal and CAT relief, the IJ

3

found Petitioner incredible based on the repeated false testimony she provided during her testimony. After concluding that Petitioner had not presented sufficient corroborative evidence to rehabilitate her claims, the IJ denied her applications and ordered her removed to Honduras.

Petitioner appealed to the BIA, challenging only the IJ's adverse credibility determination. The BIA affirmed the IJ's decision and dismissed the appeal. First, the BIA noted that Petitioner had failed to challenge the IJ's determination that she was not statutorily eligible for asylum, and thus she had waived that issue. As to the only challenge Petitioner made on appeal, the BIA determined that the IJ's adverse credibility determination was not clearly erroneous, and that the IJ acted well within her authority to find Petitioner not credible, based on her false testimony. Accordingly, the BIA affirmed the IJ's denial of Petitioner's applications for withholding of removal and CAT relief.

## II.    DISCUSSION

In her petition for review before us, Petitioner argues that her case should be remanded because she never conceded the charge of inadmissibility. Petitioner also asserts that the IJ erred by concluding that she did not have authority to grant humanitarian asylum. She does not raise the one challenge that she litigated before the BIA: the IJ's finding that she was not credible.

4

We review our subject matter jurisdiction *de novo*. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010). We may review a final order of removal only if the petitioner has exhausted her administrative remedies. 8 U.S.C. § 1252(d)(1). Exhaustion is a jurisdictional requirement and prevents our Court from reviewing a claim not presented to the BIA, even if the BIA addressed the claim *sua sponte*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

Here, we lack jurisdiction to review the arguments Petitioner raises in her petition for review because Petitioner never raised them with the BIA, meaning she has failed to exhaust her administrative remedies. In her brief to the BIA, Petitioner never questioned the IJ's decision regarding her inadmissibility nor even argued that the IJ should have granted her humanitarian asylum. She challenged only the IJ's adverse credibility determination. It is true that some constitutional challenges and due process claims do not require exhaustion if the BIA does not have authority to adjudicate those claims. *Sundar v. I.N.S.*, 328 F.3d 1320, 1325 (11th Cir. 2003) (noting that where a claim is "within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force"). But here, Petitioner raises no constitutional or due process claims in her petition for review, and the BIA could have adjudicated the two claims she now makes. Thus, because the arguments Petitioner raises in this petition for review were not

5

presented to the BIA, they are not exhausted and we lack jurisdiction to consider them.  *See id.*

As to the denial of Petitioner's applications for asylum, withholding of removal, and CAT relief, she has abandoned any arguments she may have had pertaining to these claims by not raising them in her appellate brief.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating that issues not raised on appeal are deemed abandoned).  Indeed, as noted, Petitioner does not challenge the BIA's determination as to the only argument she did exhaust—that is, the BIA's conclusion that the IJ's adverse credibility determination was not clearly erroneous.

**PETITION DISMISSED.**