[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15399
Non-Argument Calendar
_____

Agency No. A093-028-189

ASSANE NIANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 9, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Assane Niang seeks review of the Board of Immigration Appeals's ("BIA") November 7, 2017, order denying his motion for reconsideration of its April 17, 2017, decision affirming the Immigration Judge's ("IJ") denial of his application for adjustment of status based on the IJ's finding that Niang had made willful misrepresentations regarding his prior arrests. Niang argues before this Court that the BIA, in its April 17, 2017, order, failed to consider whether his statement was a willful misrepresentation and failed to give any weight to his counsel's statements, which demonstrated that he did not understand the question during the interview. He contends that he did not make a material misrepresentation regarding his prior arrests.

We review *de novo* whether we have subject matter jurisdiction. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010). A petitioner has 30 days from the date of a final order to file his petition for review of that order, and this deadline is "mandatory and jurisdictional." INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (*per curiam*) (quotation marks omitted). Consequently, the filing deadline for a petition for review is not suspended or tolled by the filing of a motion to reopen or reconsider. *See Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350-51 (11th Cir. 2005); *Dakane*, 399 F.3d at 1272 n.3.

2

When appropriate, we will review the BIA's denial of a motion to reconsider for an abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007).  "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1).  "However, [a] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind," and "[t]herefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Calle*, 504 F.3d at 1329 (quoting C.F.R. § 1003.2(b)(1)).

When an appellant does not argue or only makes a passing reference to an issue in his brief, the issue is abandoned. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010).

We lack jurisdiction to review the arguments raised in Niang's brief because although his petition for review states that he is seeking review of the BIA's November 2017 denial of his motion for reconsideration, his brief seeks review of the BIA's April 2017 decision.  Because his petition was not filed within 30 days of the BIA's April 17, 2017, order, we lack jurisdiction over the petition to the extent that he seeks review of that decision.  INA § 242(b)(1), 8 U.S.C.

§ 1252(b)(1); *Dakane*, 399 F.3d at 1272 n.3.  Accordingly, we dismiss the portion of the petition as to that BIA order.

As to the BIA's November 2017 order, Niang fails to present any argument as to how that decision is erroneous, and therefore has abandoned any challenge as to that order.  *Lapaix*, 605 F.3d at 1145.  In any event, the BIA did not abuse its discretion in denying the motion for reconsideration, because Niang merely reiterated the arguments from his earlier appeal to the BIA, which fails to provide a proper basis for reconsideration.  *Calle*, 504 F.3d at 1328-29; 8 C.F.R. § 1003.2(b)(1).  Accordingly, we deny the portion of the petition as to that BIA order.

**DISMISSED IN PART AND DENIED IN PART.**