[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14365
Non-Argument Calendar
_____

Agency No. A090-993-502

TOMAS LARA-SALGADO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 4, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Tomas Lara-Salgado seeks review of a final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) order of removal, on the basis that Lara-Salgado had been convicted of a controlled substance offense and that he had abandoned his application for relief by failing to file it within a 30-day deadline set by the IJ.

On appeal, Lara-Salgado raises two issues.  In one claim, he argues that the IJ abused its discretion by ruling that he had abandoned his application for relief when he failed to meet the 30-day deadline and by denying his request for a 2-week continuance to prepare and file the application once he was represented by counsel.  Lara-Salgado also raises a procedural due process claim.

We review our subject matter jurisdiction de novo.  *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010).  We review for abuse of discretion an IJ's decision that an immigration application was abandoned as untimely.  *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1276 (11th Cir. 2009) ("We conclude that the IJ's decision to exclude evidence offered for submission after a court-ordered filing deadline is discretionary.").  We review the denial of a motion for continuance for abuse of discretion.  *Zafar v. U.S. Att'y Gen.*, 461 F.3d 1357, 1362 (11th Cir. 2006).

An individual subject to removal who was convicted of a controlled substance offense, other than a single offense involving possession for one's own

2

personal use of 30 grams or less of marijuana, is deportable.  8 U.S.C.

§ 1227(a)(2)(B)(i).

We lack jurisdiction to review a final order of removal by reason of having

been convicted of a controlled substance offense.  8 U.S.C. § 1252(a)(2)(C); *see* 8

U.S.C. § 1227(a)(2)(B)(i).  However, § 1252(a)(2)(C) does not deprive us of

jurisdiction to entertain constitutional claims or questions of law.  8 U.S.C.

§ 1252(a)(2)(D).

We do not have jurisdiction to review a claim unless the petitioner has

exhausted his administrative remedies with respect to that claim.  8 U.S.C.

§ 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th

Cir. 2006) (per curiam) (holding that we lack jurisdiction to consider claims that

have not been raised before the BIA).

Lara-Salgado's petition is due to be dismissed for lack of jurisdiction.  First,

under § 1252(a)(2)(C), we lack jurisdiction to entertain Lara-Salgado's claim that

the IJ abused its discretion, because Lara-Salgado was found removable by reason

of having been convicted of a controlled substance offense.[1]  Second, although

§ 1252(a)(2)(C) does not prevent consideration of Lara-Salgado's due process

claim, Lara-Salgado did not present the claim to the BIA, and, thus, the claim is

---

[1] *Cf., e.g.*, *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010) (refusing to entertain argument on an IJ's purported abuse of discretion due to § 1252(a)(2)(C)).

3

not exhausted.[2]  Therefore, we lack jurisdiction to entertain all of the claims

presented in Lara-Salgado's petition for review.  Accordingly, we dismiss the

petition.

   **PETITION DISMISSED.**

---

[2] *Cf., e.g.*, *Amaya-Artunduaga*, 463 F.3d at 1251 (applying exhaustion requirement to a procedural due process argument).