[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15588
Non-Argument Calendar
_____

Agency No. A209-426-217

HANSE JOSE MAPOUNA MA KONANGO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 2, 2019)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Hanse Jose Mapouna Ma Konango seeks review of the Board of Immigration Appeals' (BIA's) final order affirming the Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).  On appeal, Konango contends the BIA erred by ignoring his corroborating evidence in regards to his CAT petition.[1]  After review,[2] we dismiss in part and deny in part.

Issues not reached by the BIA are not properly before our Court.  *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).  Additionally, a petitioner must exhaust his administrative remedies for our Court to have jurisdiction over a claim or argument, meaning that he must have presented that issue to the BIA first.  8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250

---

[1]  Konango did not argue before the BIA that the IJ was not permitted to rely on his adverse credibility finding when denying asylum or withholding of removal or that the IJ failed to give reasoned consideration to his claims and, thus, he has failed to exhaust his administrative remedies as to those arguments. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).  Additionally, Konango has abandoned any reasoned consideration argument as to the BIA's decision regarding asylum or withholding of removal by failing to raise it in his initial brief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

[2]  The BIA did not expressly adopt the IJ's decision or rely on its reasoning, so we review only the BIA's decision. *See Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947-48 (11th Cir. 2010). We review *de novo* whether we have subject matter jurisdiction. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010).  "[A]n assertion that the agency failed to give reasoned consideration to an issue is a question of law that we review *de novo*." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

(11th Cir. 2006).  If a petitioner has failed to exhaust his administrative remedies by not raising an issue in his notice of appeal or appeal brief before the BIA, we lack jurisdiction to consider the claim, even if the BIA addressed the issue *sua sponte*.  *Id.* at 1250-51.  To properly raise a claim before the BIA, the petitioner must raise an issue in a manner that permits the agency a "full opportunity" to consider the petitioner's claim and to compile a record adequate for judicial review.  *Id.* at 1250.  "Unadorned, conclusory statements do not satisfy this requirement."  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).  Rather, the petitioner must raise the "core issue" before the BIA as well as "any discrete arguments" relied upon in support, and merely identifying an issue is not sufficient to exhaust a claim.  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).  Still, "[w]hile exhaustion does not require a petitioner to use precise legal terminology or provide well-developed arguments to support his claim, it does require that the petitioner provide information sufficient to enable the BIA to review and correct any errors below."  *Id.* (quotations omitted).

In Konango's brief to the BIA, he made a conclusory argument the IJ failed to consider corroborating evidence.  He did not indicate which evidence, beyond the Country Report in general, specifically supported his claim despite the IJ's adverse credibility finding.  Given the lack of specificity and paucity of argument, Konango did not exhaust this argument before the BIA.  *See Jeune*, 810 F.3d at

3

800; *Indrawati*, 779 F.3d at 1297.  Thus, we dismiss those parts of his petition for lack of jurisdiction because he failed to exhaust his administrative remedies.

To the extent Konango argues the BIA failed to give reasoned consideration to his CAT claim, we retain jurisdiction.  *See Indrawati*, 779 F.3d at 1299 (stating we maintain jurisdiction to review a petitioner's argument that the BIA failed to give reasoned consideration, because a petitioner logically cannot raise the argument before the BIA has rendered its decision).  "Where the [BIA] has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented."  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006) (alteration and quotations omitted).  However, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quotations omitted).  The BIA does not give reasoned consideration to a claim when it misstates the contents of the record, fails to adequately explain its refusal of logical conclusions, or provides justifications for its decision that are unreasonable and that do not respond to any arguments in the record.  *Id.* at 1375-77.  In assessing whether the BIA gave reasoned consideration, we do not inquire into the merits but only the process of the BIA's decision.  *Indrawati*, 779 F.3d at 1302.

4

The BIA gave reasoned consideration to Konango's CAT claim.  The BIA's decision relied on binding precedent from this Court (1) holding where a petitioner fails on an asylum claim, he necessarily fails on his withholding of removal and CAT claims, *see Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005), and (2) upholding an IJ's adverse credibility determination in denying CAT relief, *see Alim v. U.S. Att'y Gen.*, 446 F.3d 1239, 1255-56 (11th Cir. 2006).  The BIA's reasoning is sufficient for this Court to conclude the BIA gave reasoned consideration to Konango's CAT claim because it confirms the BIA "heard and thought and [did] not merely [react]." *See Tan*, 446 F.3d at 1374.  Furthermore, Konango's argument the BIA should have considered his corroborating evidence fails because the BIA is not required to explicitly identify each piece of evidence presented, and in any case, he did not direct the BIA to the evidence it should have considered. *See id.* at 1376.

**PETITION DISMISSED IN PART AND DENIED IN PART.**